OPINION of the Court, by
Ch. J. Boyle.
— Thi% was an action °t" detinue for a negro slave named Matt, It appeared on the trial of the cause, that the slave in was the property of William Johnson, when a 2en cf Virginia y that by virtue of a jieri facias against Johnson, the said slave was seised aud sold at ¡public auction, and the sheriff being the highest bidder became the purchaser; that some time afterwards To-ler, with whose daughter Johnson had intermarried, purchased the said slave from the sheriff, at a price something greater than that which the sheriff had given. That Toler remained in the possession of said slave for some months, when Johnson, who by his prodigality" and profligacy had spent a considerable estate and reduced himself to poverty, removed to this state ; that Toler, apprehensive that his daughter and her children might stand in peed of his assistance, but being determined not to put any thing more in the power of Johnson, employed an agent to bring said slave to this state, to be hired out or otherwise applied to the benefit of Mrs. Johnson and her children ; that the said slave was brought to this state by Toler’s agent, and left in the hands of Johnson, where he remained for some time, when Johnson, for the purpose of securing a debt he had contracted, conveyed him by deed of trust, under which he was afterwards sold, and Stapp became the purchaser. That Toler, in less than four years from the time he sent the slave to this state, brought this suit against Stapp, and recovered a verdict and judgment; from which Stapp has prosecuted this appeal.
The record in this case presents several points. The only one, however, which involves any difficulty, relates to the validity of the purchase made by the sheriff at the sale under the execution, and to that we shall confine our attention.
We have not been able to find any direct authority ppon the point proposed to be discussed. It is said to be the practice in England, in some instances, for the sheriff to deliver the goods taken in execution to the plaintiff, at their appraised value ; but this is denied to be law in some books, and it is clearly held that *451 ■qannot pay the money to the plaintiff and retain the goods himself — Bac. Abr. title Execution, letter C— ■Ibid, title Sheriff, letter N.
If the sheriff cannot retain the goods at their appraised value, it would seem to follow that he cannot retain them at any price. We understand, indeed, that common law the sheriff was not required to sell at ¾⅛-⅝ die auction,; and it is morally impossible that he shad'd’' make a private sale to himself. Every sale implies "a contract, and a contract can only exist where there is the assent of two or more minds to the same proposition. A. single mind may assent to a proposition suggested either by itself or another, but it is preposterous to suppose that it can contract with itself.
We infer, therefore, that a sheriff cannot, according •to the principles of the common Jaw, purchase goods which he had taken by virtue of an execution. We are •not aware of any statute which has changed the common daw upon this subject, or which can be construed to have the effect of sanctioning such a purchase. The only statutory provision which we apprehend can have any "hearing upon this question, is that which requires the •sheriff to sell at public auction for the best price that can be had. But it is obvious that the mere circumstance of requiring the sale to be public, cannot autho-rise the sheriff to purchase, if he was before prohibited: ’from doing so. The absurdity of his purchasing at a •sale at public auction, is indeed not so gross and apparent as it would be at a private -sale. The nature of the thing, however, is not essentially changed. It is still a sale by the sheriff, and unless he unites in himself the inconsistent characters of both seller and purchaser, he cannot purchase. But in addition to the intrinsic incongruity of the thing, good policy seems to forbid it. Were it admitted to be legal for the sheriff to purchase, the privilege would be often abused. . Such a doctrine might in some instances operate beneficially, but its general tendency would be unquestionably mischievous. The legislature has sufficiently manifested its sense of the danger to be apprehended from permitting the sheriff to purchase, by providing, in the act subjecting lands . to the payment of debts, that all purchases of lands by dlim shall be void. This provision was attempted to be converted, by the counsel for the appellee into an argu- *452 Blent to prove that the law was different as to personal estate: for it was contended as the legislature had expressly declared the sheriff’s purchase oí land void, anti had made no similar provision with respect to persona! estate, that they must be presumed to intend that purchases made by the sheriff of the latter should be valid. But this argument does not appear to be sound. The legislature were making a new subject liable to execution, and their attention was very naturally anrl properly confined to the subject upon which they were acting. Had such a provision been found in the general execution lawj the argument would have been entitled to weight; but contained as it is in the act subjecting lands to the payment of debts, it rather affords a presumption that the legislature intended to make the law in relation to land, then for the first time made liable to be sold under execution, conformable to that in relation to personal estate, which was before subjeet to execution.
Considered in the light of an agent or trustee, the sheriff certainly cannot regularly become a purchaser. In courts of equity it is a general rule that a person acting in the capacity of an agent or trustee is incapable of purchasing the property confided to his management. This rule is said to stand much more upon general principles than upon the particular circumstances of any individual case. It rests upon this, that the purchase js not permitted in any case, however honest the circumstances, the general interests of justice requiring it to be destroyed in every instance, as no court is competent to the examination and ascertainment of the truth in much the greater number ef cases — Sugdon 391-2 — 3. The propriety of a court of law being governed by the same rule iq cases to which it is applicable, cannot be doubted: for the rules of decision ought and must be the same in both courts.
At first view some doubt occurred whether the sale by the sheriff to the appellee was not good, although the sheriff’s purchase was void ; but upon reflection we are of opinion it is npt. Óeing a private sale, it was a direct violation of the requisition to sell at puolic auction, á violation of wjiich the purchaser as well as the sheriff must from the nature of the transaction be cognusant.
The other points in the case we are of opinion were Coffeetly decided by the court below; but as this paint *453 is decided in favor of che appellant, the judgmfcnt must on this ground be reversed.
Judgment reversed: with costs, and the cause remanded that a new trial may be had not inconsistent w.th the foregoing opinion.