5bm337
f124 803

## Smith, &c. *vs* Pope's Heirs.

ERROR TO THE GARRARD CIRCUIT.

*Sheriff's sales of land.    Purchasers.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

INDICTMENT.

*Case* 79.

*April* 22.

The case stated.

THIS is an action of ejectment, instituted by James Pope's heirs, to recover from Smith a tract of land which he purchased from Wm. Pope, dec'd.

Thomas Pope, being the owner of the land in contest, devised it to his wife, Ann Pope, for life, and after her death, to his son Wm. Pope.

Mason and Gill obtained a judgment against William Pope, in 1826, sued out execution thereon and had it levied upon William Pope's remainder, which was sold by Tillett, as deputy Sheriff of Harris, who was Sheriff of the county, and purchased by Yantis another deputy, at about one thirtieth of its then value.   Yantis transferred his purchase to Jamas Pope, for $150, the latter asserting that he was purchasing for Wm. Pope, and the former agreeing to sell to him only upon that understanding.   James Pope procured the Sheriff's deed to himself, in 1828, and died in 1833.   At the time the Sheriff's sale was made, the widow, Ann Pope, and Wm. Pope, both lived on the land, and continued to reside on it until she died in 1837.   Wm. Pope remained on it, claiming it as his own, under the purchase of James, until he sold it to E. Smith, the defendant in the ejectment, who entered and has remained in possession under his purchase, until this suit was brought by the heirs of James Pope, in 1843.

The Circuit Court, on the motion of plaintiff's counsel, instructed the jury, that if they believed all the evidence, they should find for the plaintiff.   They accordingly so found, and a judgment having been rendered on the verdict, the defendant has brought the case to this Court.

Instructions given by Circuit Court and judgment.

The only questions deemed necessary to be decided is, was the purchase made by Yantis, an acting deputy Sher-

The question for decision.

iff, under a sale made by a co-deputy, valid, and if it was not, is the title in the hands of the heirs of James Pope good under the saving in the statute hereafter mentioned, in favor of innocent *bona fide* purchasers. The Sheriff is an important officer in the administration of justice, invested with summary powers, which may be exercised for good or for evil. The impartial administration of justice depends much upon his integrity, fairness and impartiality, and that of his deputies; he or they should not be lead into temptation. It is therefore against the policy of the common law, that the principal or his deputies should purchase at their own or each other's sales. Such a practice would tempt them to avail themselves of the opportunities which their stations afford, to speculate upon the property of the unfortunate debtor, to the injury of the creditor. In accordance with this policy, and the better to carry out and enforce the same, in relation to the sales of land under execution, it is provided in the sixth section of the act of 1792, (1 *Stat. Laws,* 623,) that "No Sheriff, under Sheriff or other officer, shall *buy* or *bid* for any lands, tenements, or hereditiments, which he or his principal or deputy, shall expose to sale, by virtue of any writ of *fieri facias;* and the *property* of any such thing so bought by him, or by any other to his use, shall not be thereby *changed,* but the same may be recovered by the former owners, or be made subject to the demands of any of his creditors, unless it shall before suit brought for that purpose, have been sold with good *faith,* and for a *valuable consideration,* to one that had no *notice* that it had been bought in manner aforesaid."

It is against the policy of the law and within the spirit of the prohibition in the statute, for one deputy Sheriff to buy land sold by his co-deputy.

If even in strict grammatical interpretation, the purchase of Yantis, at a sale made by his co-deputy, Tillett, might be construed not to fall within the literal inhibition of the statute, it is obviously against its spirit and policy, and undeniably within the *intended* prohibition of the Legislature. The intention was to cut off from all the officers enumerated, who are dependent upon, or connected with each other, the temptation to speculate in lands sold under execution, by either; and though in the enumeration of the different officers, in the character of buyers and sellers, either may have been omitted, yet the

intention of the Legislature being manifest, and the policy apparent, full scope should be given to the provisions of the act, so as to carry out and accomplish the conservative objects intended.

We are also clearly of opinion, that James Pope, the ancestor of the lessors of the plaintiff, was not a purchaser in *good faith* for a *valuable consideration,* and without *notice,* so as to entitle him or his heirs to the protection of the latter clause of the statute.

His deed was executed by the deputy who sold to Yantis, and contains on its face the evidence of Yantis' purchase; and if it could be presumed that he was ignorant of the *fact, that* Yantis, a public officer in the county, was an acting deputy, a reference to the record under which he derives his title, shows that Yantis had executed the writ as deputy.    Besides, so far from his purchasing in good *faith* for his own benefit, and for a *valuable* consideration,' he purchased for the use of Wm. Pope, the original owner, and whose vendee, after many years possession on the part of both, under a claim of title acquiesced in by both James Pope and his heirs, the latter are now seeking oust.    And though he may have paid a *valuable* consideration, in technical contradistinction to a *good* consideration, it is apparent that the consideration was very *inadequate* to wit, about one twentieth of the value of the remainder, at the time of the purchase, and that he obtained the purchase at that inadequate price, under the feigned pretence that he was purchasing for the use of the original owner.

. The judgment of the Circuit Court is reversed, and cause remanded, that a new trial may be granted, without the payment of costs.

*Turner* for plaintiffs: *Robertson* and *McKee* for def'ts.

SMITH, &c.
*vs*
POPE'S HEIRS.

—And a purchase from a deputy Sheriff who has purchased at a sale made by his co-deputy, is not an innocent purchaser without notice, and within the protection of the statute.

A purchase from one who claims under a sale under execution, is bound to take notice of what is contained in the record of the judgment.