CASE 101.—ACTION BY DAVID RHOADES AND OTHERS
          AGAINST JOHN PENN TO QUIET TITLE TO LAND.
          —February 28.

## Penn v. Rhoades, &c.

Appeal from Taylor Circuit Court.

I. H. THURMAN, Circuit Judge.

Judgment for plaintiffs. Defendant appeals. Affirmed.

1.  Administrators—Sale—Payment of Debts—Who May Purchase.
    —Where the commissioner, under an order to an administrator
    to sell real estate to pay debt, becomes the purchaser at his
    own sale, directly or indirectly, there is no sale.
2.  Same—Who May Question Validity.—Though the heirs resided

in the vicinity of lands from the time of administrator's sale, and during subsequent transactions and sales thereof, they are not estopped from claiming the land on the ground of fraud in the administrator's sale, where they were in no position to know the title to the land and were not parties to any of the transactions.

3. Quieting Title—Administrator's Sale—Estoppel of Heirs—Condition Precedent.—Where the commissioner, under an order to sell real estate to pay debts of an estate, becomes the purchaser at his own sale, the heirs in an action to quiet title in them will be required to refund the commissioner's grantees his purchase money with interest, before being entitled to a decree.

4. Remainders—Actions Against Remainderman—Accrual of Right of Action—Possession of Real Property.—The statute of limitations does not commence to run against a remainderman until his right of entry accrues by the termination of the life estate.

HUGH P. COOPER, attorney for appellant.

(No brief in the record.)

S. A. RUSSELL and L. RUSSELL for appellees.

POINTS AND AUTHORITIES CITED.

Kentucky Statutes, section 11; Kentucky Statutes, section 1711; General Statutes, chap. 38, art. 15, section 2; Bagby v. Eversole, 6 Ky. Law Rep., 365; Price v. Thompson, 84 Ky., 219; Smith v. Pope, 5 B. M., 337; 69 Indiana, 260; 6 T. B. Monroe, 102; Groover v. King, 46 Ga., 101.

1. The above are on the question of a master commissioner purchasing at his own sale and hold that he cannot.

2. Estoppel—

(a) Definition of estoppel (16 Cyc., 726).

(b) No estoppel without full knowledge. (Ford v. Mayo, 91 Ky., 83, 12 Ky. Law Rep., 665; Honore v. Dougherty, 4 Bibb, 280; Shipp v. Swann, 2 Bibb, 82; Dean v. Skinner, 3 Ky. Law Rep., 336.

(c) Public record a matter each party should know. (16 Cyc., 140, and cases in note; Fisher v. Mossman, 11 Ohio St., 42; Cook v. Foster, 96 Mich., 610; Adkins v. Adkins, 48 Ind., 12; Campbell v. Jacobson, 145 Ill., 389.)

(d) No estoppel where party ignorant of facts (16 Cyc., 740.)

(e)   Must have misled to prejudice.   (Robertson v. Robertson, 72 S. W., 813, 24 Ky. Law Rep., 2020.)

(f)   No estoppel by receiving proceeds.   (Groover v. King, 46 Ga., 101.)

3.   Statute of limitations does not apply.   (Francis v. Wood, 81 Ky., 16; Jeffries v. Butler, 22 Ky. Law Rep., 226.)

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Walker Rhoades died in Taylor county, Ky., about the year 1863; he left surviving him his widow, Eliza, and seven children. Soon after his death the children, by proper proceedings, had his lands partitioned among them, except the home farm of 134 acres, which was allotted to the widow as dower. One Cox became his administrator, and administered the personal property, on finding that it was insufficient to pay all of the debts of the decedent, and, in the year 1865, instituted an action for the purpose of selling enough of the real estate to pay the balance of the debts, and the court rendered a judgment in the action directing the sale of the remainder interest in the homestead, and directed J. R. Robinson, as commissioner, to make the sale, which he did, in 1867, at the price of $50, and made a report pretending that one J. N. Turner was the purchaser, who executed bond for the purchase money, with the commissioner, J. R. Robinson, as surety. That report was confirmed by the court, but no deed was ever made to Turner, or any one else. It appears that in 1873 J. R. Robinson sold the remainder interest to Rhoades' widow, then Gabehart, at the price of $110; she paid him $39 in cash, and gave her note for the balance, with a lien upon the land. Robinson transferred this note to one Hubbard, who afterwards instituted an action on it to enforce the lien; and another sale was made by one Mitchell, as commissioner, and at that sale J. R. Rob-

inson became the purchaser, and he sold and trans-
ferred his bid to T. A. Crouch, the husband of Vir-
ginia Rhoades, one of the children of Walker Rhoades,
deceased, and the commissioner made Crouch a deed
to the remainder interest. Afterwards, Crouch and
wife sold and conveyed to appellant, Penn, this inter-
est at the price of $175. Mrs. Gabehart, the widow of
Walker Rhoades, remained in possession of the land
from the death of Rhoades to the year 1904, when she
died. One of her daughters, Nancy L. Rhoades, re-
sided with her during that time. After the death of
their mother, the children and heirs took possession
of the land, claiming ownership thereof, and soon
afterwards brought this action under section 11 of
the Kentucky Statutes, alleging that they were the
owners of the land by descent from their father; that
they were in the actual possession of it; made appel-
lant, Penn, a defendant; and alleged that he was
claiming some title or interest therein, which was
casting a cloud upon their title, and asked the court to
adjudge that his claim to the land was without right
and of no effect. Appellant answered, denying appel-
lee's title, and asserting title in himself, and that he
derived it in the way and manner above stated.
Realizing that J. R. Robinson had no title, and that
the heirs of Rhoades had not been divested of the
legal title thereto, he alleged in his answer as fol-
lows: "That said purchase-money bond was paid off
to said Sharp, administrator as aforesaid, by said J.
R. Robinson, security for said Turner on said bond,
and said J. N. Turner transferred and assigned said
purchase to said J. R. Robinson; the original assign-
ment and transfer cannot now be found, and, in lieu
thereof, said J. N. Turner has made a transfer and
assignment of said purchase and showing that it was

vol. 124—50.

for said J. R. Robinson, and that he, Turner, has no interest or claim on said land, but assigns and transfers all of his said purchase to J. R. Robinson, and that the original sale and purchase by him was made for the use and benefit of said J. R. Robinson, which said assignment is filed herewith, marked 'J. N. T.' ' " He filed with his answer the transfer and assignment by J. N. Turner, the reputed purchaser at the commissioner's sale, which reads as follows: "Whereas, in the action in equity pending in the Taylor circuit court of Cable Cox, administrator of Walker Rhoades, deceased, plaintiff, v. Eliza Gabehart, etc., defendants, the remainder interest in the 134 1-2 acres of land that had been allotted as dower to said Eliza Gabehart was sold by the commissioner to J. N. Turner for the price of fifty ($50.00) dollars, for which amount said Turner, together with J. R. Robinson as his surety, executed bond to said commissioner, and by the judgment of said court William Sharp, as administrator of James G. Sharp, deceased, was adjudged the benefit of said bond, and entitled to collect same, and to credit same on the indebtedness of said estate to him as the administrator, and whereas the transfer of the purchase from J. N. Turner to said J. R. Robinson has been lost or misplaced, therefore, this is to show that said purchase was made by me for the benefit of said J. R. Robinson, and that I assign and transfer my interest and said purchase of land to J. R. Robinson, and direct the deed to same to be made to said J. R. Robinson or to John Penn, who now owns said land, claiming under the title of said Robinson as the court may determine. Said purchase money bond was paid by said J. R. Robinson, and he is entitled to the benefit of said purchase, and I assign and transfer all of my right and interest in said purchase to said J. R. Robinson, and those claim-

ing under him. Witness my hand this 4th day of April, 1904. J. N. Turner.''

Thus it is made to appear that Turner, at the sale made in 1867, bid off the land for the commissioner, J. R. Robinson; in other words, Robinson sold the land to himself, which had the effect to make it no sale, and left the title in the heirs of Rhoades, where it was before the attempted sale. In 6 Ky. Law Rep., 365, in the case of Bagby v. Eversole, the court said: ''A commissioner in chancery cannot become a purchaser at his own sale, or reap any benefit from a purchase by another under an agreement that he is to be regarded as a joint purchaser. Such contracts are against public policy.'' In the case of Price's Admr. v. Thompson, 84 Ky. 219, 8 Ky. Law Rep. 201, 1 S. W. 408, the commissioner of the court made a purchase of land which the court declared void, and, in the discussion of the question, used the following language, to-wit: ''Officers whose powers are not merely persuasive, but coercive, ex parte, and arbitrary, should be held to strict impartiality, fidelity, and integrity in the discharge of their trusts. All temptation to make private gain, to take unfair advantage, directly or indirectly, should be removed. The most effective way to do so is to declare all such transactions conclusively invalid.'' To the same effect are the cases of Stapp v. Toler, 3 Bibb, 450; Smith v. Pope's Heirs, 5 B. Mon. 337; and Devers, etc., v. Dallam & Coleman, 6 T. B. Mon. 102. From these authorities it is conclusive that the purchase of J. R. Robinson, commissioner, indirectly through Turner, was, and is, void. The rule is a wise one, and should be enforced. Commissioners and trustees have frequent opportunities to advance their own interest at the expense of those

whom they represent. The temptation sometimes is great, and, if permitted to purchase under such circumstances, either directly or indirectly, injustice and injury, in the majority of cases, would be the result; therefore, it is the policy of the law to prohibit it altogether by declaring their purchases void.

Appellant's counsel, in his brief, virtually conceded this principle to be correct, and the legal title remained in the appellees, the heirs of Rhoades; but he contends that they are estopped from claiming the land, for the reason that they resided in the vicinity of this land from the time of the sale made by Robinson until appellant became the purchaser, and made no objection to the several sales and transfers of the land from Robinson to the widow, from Robinson to Crouch, and from Crouch to him. This plea in estoppel cannot be maintained; the appellees were not parties to either of these transactions, or the action of Hubbard v. Mrs. Gabehart. There is no pretense that they deceived or misled appellant in any way, or induced or consented to his purchase of the land. See the case of McAdams, etc., v. Hawes, 9 Bush, 15. In 16 Cyc. 726, it is said: "In order to constitute an equitable estoppel there must exist a false representation or concealment of material facts; it must have been made with the knowledge, actual or constructive, of the facts; the party to whom it was made must have been without knowledge, or the means of knowledge. of the real facts; it must have been made with the intention that it should be acted upon, and the party to whom it was made must have relied on or acted upon it to his prejudice." It appears from the record that appellant knew the condition of the title to this property as well, if not better, than the appellees. It seems that they did not know that J. R. Robinson had purchased the land, at

the sale made by him, until appellant filed his answer in this action. The record in the action, in which Robinson filed his report of sale showed that the legal title was in the appellees, but that the equitable title was in J. N. Turner. This was as patent to him as it was to the appellees.

The third, and last, contention of appellant's counsel is that the court erred in not sustaining the plea of the statute of limitations. This cannot avail him, for the reason that the rule has been announced that the statute of limitations does not begin to run against a remainderman until the termination of the life estate, when the right of entry accrues to the remainderman. See Francies v. Wood, 81 Ky. 16, 4 Ky. Law Rep. 616, and Jeffries v. Butler, 56 S. W. 979, 22 Ky. Law Rep. 226. The lower court by its judgment in this case attempted to settle the matter on equitable principles, and required the appellees to refund to the appellant the $50 paid on the purchase price of the land, with its interest from 1867, and considered that the conveyance by T. A. Crouch and his wife, Virginia, who was the daughter of Rhoades, and, as such, owned one-seventh interest in the land, passed the title to that one-seventh to appellant, and permitted him to retain this one-seventh interest, and adjudged that appellant had no valid claim or interest in and to the other six-sevenths of the land, save a lien for the $50 with its interest.

In view of all the facts and circumstances appearing in the record, we are unwilling to disturb this judgment.

For these reasons, the judgment of the lower court is affirmed.