## Carpenter v. Moorelock.
## Strode v. Carpenter

(Decided January 14, 1913.)

## Appeals from Fleming Circuit Court.

1. Judgment—Ordering Sale of Land of Parties Not Before Court Void.—Persons who own title to land cannot be divested of it in a judicial proceeding to which they are not parties, and the judgment in such a case is void.

2. Limitation—Life Tenant—Remaindermen.—The statute of limitation does not begin to run against persons, who own an estate, in remainder to recover their interest in the land until after the death of the life tenant.

3. Infants—Real Estate of—Sale of—Jurisdiction.—A court of chancery has no jurisdiction to sell the real estate of infants unless the authority conferring jurisdiction can be found in the statute, and in no state of case can an infant be divested of title to real estate by the judgment of a court unless the court had jurisdiction of the subject matter of the action.

4. Judgment—Sale of Non-Resident Adult's Land—When Void.— When an adult is only before the court by constructive service of process he cannot be divested of his title to land by the judgment of a court that did not have jurisdiction of the subject matter of the action.

5. Judgment—Validity of—How Tested.—A court cannot render a valid judgment unless it has jurisdiction of the parties as well as the subject matter of the action.

6. Judgment—Effect of Void Judgment—When a court is without jurisdiction to act in a given state of case, its orders and judgments are void. They do not deprive the judgment defendant of any rights that he had, nor do they give to the judgment plaintiff anything.

7. Land—Sale of Under Statute—When Authorized.—Under a statute providing that land owned by two or more persons might be sold upon the petition of any or all of the owners, when the share of each was of the value of not more than $100, the court had no jurisdiction, on the petition of one of the owners, to sell the interest of the other joint owners without selling the whole tract.

8. Judgment—Collateral Attack of—When Allowed.—An erroneous or irregular judgment cannot be attacked in a collateral proceeding, but a void judgment, being no judgment, may be assailed at any time and by any person whose rights are affected by it.

9.   Jurisdiction—Jurisdiction of Courts to Sell Land.—Whether a court has or not jurisdiction to sell real estate depends on the statute conferring authority, and, if the power cannot be found in the statute, the jurisdiction cannot be exercised.

JOHN P. McCARTNEY, for appellants.

J. H. POWER, PAUL HEFLIN, for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming as to one case and reversing as to the other.

These two appeals arise on the same record and will be disposed of together. In 1869 Harvey M. Strode owned a life estate, with remainder interest in his seven children, in a tract of land in Fleming county. He conveyed his life interest to John L. Parker, who also bought the remainder interest of five of the children, and John L. Strode and Donaldson Strode, two of the seven children, retained their interest in the land. In November, 1875, Donaldson Strode died intestate and left surviving him four children, viz: Mamie Strode Moorelock, Estelle Strode Keller, George Strode and Alice C. Adamson, all of whom were under twenty-one years of age.

In December, 1875, Parker brought suit in the Fleming circuit court to have sold the two-sevenths interest of John and Donaldson Strode. In that suit the only defendants were John Strode, who owned a one-seventh interest, and George Strode, one of the children of Donaldson Strode. The other three children of Donaldson Strode were not made parties to this action. A judgment was rendered directing a sale of the land, and Parker became the purchaser at the sale. Harvey Strode, the owner of the life estate, died in 1906, and in 1910 this suit was brought against John S. Carpenter, then owner of the land by Martin Strode, and Barbara Dalton, only heirs at law of John L. Strode, to recover a one-seventh interest in the land, and by Mamie Strode Moorelock, George Strode, Alice C. Adamson and Estella Strode Keller, children of Donaldson Strode, to recover an undivided one-seventh interest.

The lower court held that as Mamie Moorelock, Alice Adamson and Estella Keller, children of Donaldson Strode, were not parties to the suit brought by Parker, they were not divested of their interest in the land, which was three-fourths of one seventh, and gave judgment in their favor for this quantity of the land. He further held that John Strode, who owned one-seventh interest, and George Strode, who owned as son of Donaldson

Strode one-fourth of one-seventh interest, were divested of their interest by the judgment, as they were parties to the suit. From so much of this judgment as found that the three children of Donaldson Strode owned and were entitled to their interest in the land, Carpenter appeals, and from the judgment holding that John Strode and George Strode were divested of their interest by the judgment in the suit of Parker, they appeal.

It will be observed that at the time the suit was brought Parker owned the fee in five-sevenths of the land and John Strode and the four children of Donaldson Strode owned jointly two-sevenths interest in remainder, subject to the life estate of Harvey Strode, which was also owned by Parker. The Strodes contend that the suit of Parker did not divest them of their interest in the land, and therefore they should have judgment for two-sevenths, as Harvey Strode, the life tenant, was dead; while Carpenter insists that the proceedings in the suit of Parker divested the Strodes of all interest in the land, and therefore their petition should be dismissed. Carpenter also pleaded and relied on the statute of limitation as a bar to the action, this plea resting on the ground that the action to recover the land was not brough for more than thirty years after it was sold in the suit of Parker.

The suit was brought under Chapter 63, article 2, of the General Statutes of Kentucky, which were then in force, reading in part as follows: "Real estate or any interest therein, owned by one or more persons, either of whom is an infant * * * * or a non-resident of this state, when the share of each owner is of the value of not more than $100, may be sold by a judgment of the circuit court of the county in which the land, or part of it lies, upon the petition of any or all of the owners; but those not joining as plaintiffs must be made defendants and be brought before the court."

It appears that in the suit brought by Parker against John and George Strode they were proceeded against as non-residents, and the non-resident attorney filed a report stating that he had written to and received a letter from John Strode, who was at the time an adult, saying that he had no defense. The report also stated that George Strode had not been heard from. At the sale made in this suit the two-sevenths interest were sold for $100, which was paid to the Commissioner, but it is set out in the pleadings in this case that neither John

Strode nor George Strode ever received any part of the purchase money.

So far as the judgment of the lower court, giving to the three children of Donaldson Strode, who were not parties to the suit of Parker, their interest in the land, is concerned, we think no serious question can be raised. Their interest in the land was sold under a decree of court, in a proceeding to which they were not parties, and it is plain that the judgment as to them was void. Persons who own title to land cannot be divested of it in a judicial proceeding to which they are not parties. Robinson v. Carrollton, 123 Ky., 419; Shafer v. Gates, 2 B. Mon. 453; Ratterman v. Apperson, 141 Ky., 821; Keller v. Stanley, 86 Ky. 240.

Nor is the plea of limitation interposed by Carpenter available, either as to these three persons or as to John or George Strode. All of these parties owned only an estate in remainder, subject to the life estate of Harvey Strode. Harvey Strode did not die until 1906, and not until then did the right of action accrue. There was no adverse holding by Harvey Strode or any person owning the life estate under him until the life tenancy terminated by the death of Harvey Strode: Jeffries v. Butler, 108 Ky., 531; Branson v. Thompson, 81 Ky., 387; Ratterman v. Apperson, 141 Ky., 821; Ray v. Thomas, 140 Ky., 570; Penn v. Rhodes, 124 Ky., 798.

A more troublesome question is presented by the assertion of John and George Strode to an interest in the land. Although they were brought before the court by constructive service, and although they did not receive any of the purchase price for which their land was sold, and although there may have been irregularities in the proceedings, we would not hold the judgment void if the court had jurisdiction to order the sale. If, however, it did not have jurisdiction the judgment must be declared void both as to the infant and the adult. It has been definitely settled in this state that a court of chancery has no jurisdiction to sell the real estate of infants unless the authority conferring jurisdiction can be found in the statute, and this is true whether the infant is before the court by personal or constructive service. In other words, in no state of case can an infant be divested of title to real estate by the judgment of a court unless the court had jurisdiction of the subject matter of the action. Elliott v. Fowler, 112 Ky., 377; Walker v. Smyser, 80 Ky., 620.

Whether an adult, who is before the court by personal service, can be divested of his title to land by the judgment of a court that did not have jurisdiction of the subject matter of the action, is a question not necessary to decide on this record. Here the adult was not before the court by personal service; hence the precise question upon this point to be decided is, will an adult, who is a non-resident of the state, and only before the court by constructive service, be divested of his title to land by the judgment of a court that did not have jurisdiction of the subject matter of the action?

This question was definitely determined by this court in Griggsby v. Barr, 14 Bush, 330. In that case Griggsby brought a suit against Barr, seeking to subject to the payment of a debt land owned by Barr, who was a non-resident. Barr was brought before the court by constructive service, but no attachment was issued in the action. In due time the land was sold under order of court, and some years afterwards Barr brought a suit against the then owners of the land to recover possession of it. In holding that the court had no jurisdiction to order a sale of the land, because an attachment was not issued in the action and levied on the land, the court said:

"All proceedings to subject the property of non-residents not actually served, and who do not appear to the action, are in derogation of the law and nothing is to be presumed in favor of the jurisdiction. When the statute provides a method by which the property may be reached, it is not only to be strictly followed but it must be followed to the exclusion of any other method not also clearly provided."

In Dorsey v. Kendall, 8 Bush, 294, it is said: "The proceedings of judicial tribunals having no jurisdiction over the subject matter are absolutely void, but where the case is within the jurisdiction of the court and there is error in the proceedings or judgment, the judgment is voidable only and the remedy is by appeal."

The principle announced in these cases has been frequently approved by this court, and leaving out of view any question of estoppel or limitation, or other reason that might be successfully assigned to deny the right to attack the validity of a judgment, it may be considered as no longer open to doubt in this state that a person, whether an infant or an adult, who is only before the court by constructive service, cannot be divested of his title to land in any kind of a judicial proceeding unless

the court had jurisdiction of the subject matter of the action. When a court acts without jurisdiction, its judgments are void, not merely erroneous or irregular. An erroneous or irregular judgment might be rendered by a court having jurisdiction to pronounce a valid judgment, and when we say that a judgment is irregular or erroneous it implies that the court had jurisdiction but exercised it improperly. But a valid judgment can only be pronounced by a court that had jurisdiction of the subject matter and the parties, and it is essential to relieve its judgments from invalidity that it should have jurisdiction of both the subject matter and the parties. A court might have jurisdiction of the subject matter in issue and yet have no authority to render a valid judgment, because the parties who were affected by the judgment were not before the court, and so the court might have jurisdiction of the parties to an action by virtue of process duly executed and yet be without power to enter any binding judgment for want of jurisdiction over the subject matter.

We have in this state what are called courts of general and courts of limited jurisdiction. Examples of the former are the circuit courts, and examples of the latter are county and other inferior courts. But the circuit court, although it is invested with extensive jurisdiction as to the subject matter of actions, is yet not without its limitations, and among these limitations may be especially noticed its power in reference to decreeing sale of and transferring title to real estate. The right of the owner of real property to control its disposition is jealously guarded by the laws of this state, and so highly esteemed is the privilege that the owner has in respect to this species of property that the legislature pointed out with particular care in every revision of the laws the conditions that will authorize a court to sell and transfer title, so that when we come to inquire whether a court has or has not jurisdiction to sell real estate, we must look to the statute and see the conditions under which the power to sell it was conferred on the courts. If the power cannot be there found the jurisdiction cannot be exercised, as courts have no inherent power to order the sale of land. From this it, of course, necessarily follows that, when a court is without jurisdiction to act in a given state of case, its orders and judgments are void. They do not deprive the judgment defendant of any rights that he had, nor do they give to the judg-

ment plaintiff anything. In other words, a void judgment is no judgment, and the parties to the proceeding occupy precisely the same attitude they would have occupied if no judgment had been entered. Nor is this rule to be modified for the benefit or protection of purchasers in good faith of property sold under such a judgment. If the judgment is void, however desirous the courts might be to prevent him from suffering loss, the purchaser takes nothing by his purchase as the courts cannot find it consistent to give him relief at the expense of parties who were wrongfully deprived of their rights.

In view of the helpless condition that a void judgment often leaves innocent parties who have relied on its validity, the courts are reluctant to declare a judgment void and will never do so unless it affirmatively appears from the record that the judgment pronounced was void because the court had no jurisdiction of the subject matter, or the defendant was not before the court. Newcomb v. Newcomb, 13 Bush, 544; Hart v. Griggsby, 14 Bush, 542. With this expression of our views as to the principles of law controlling the decision of this case, it only remains to be seen whether the judgment ordering a sale of this land was void because the court had no jurisdiction of the subject matter of the action.

The proceeding to sell the land was a proceeding *in rem*, as the defendants were not before the court by personal service of process, and the court could only acquire jurisdiction of the subject matter of the action by virtue of the statute then in force, and so we must look to the statute to ascertain whether or not the court had jurisdiction. The statute before quoted authorizes the sale of real estate, or any interest therein, upon the petition of any or all of the owners, when the share of each owner is of the value of not more than $100. Under this statute, to give the court jurisdiction to order a sale of real estate owned jointly by two or more persons, two things must concur: (1) All of the land so owned must be ordered sold when the suit is brought to sell other than the land of the plaintiff, and (2) The share of each owner must be shown to be of the value of not more than $100. Manifestly it was not intended by this statute that the interest of one joint owner might be sold upon the petition of the other joint owner.

If A and B jointly own a tract of land, the court could not, on the petition of A, sell the land of B without his consent. The statute is not fairly susceptible of the

construction that would authorize the court, on the petition of one joint owner, to sell the undivided interest of the other joint owner leaving the interest of the petitioner undisturbed by the sale. It is apparent that if this were allowable the sale of the interest ordered to be sold would many times be at a sacrifice, and great injustice would be done to the owner of the interest sold. It should also be made to appear that the share of each owner, in the tract ordered to be sold, is of the value of not more than $100, and this does not mean that the interest selected to be sold should be of this value without regard to the value of the interests of the other joint owners.

We would be reluctant, however, to declare a sale void upon the ground that it did not appear that the interest of each owner was of the value of $100 or less, nor do we in this case put our decision that the sale was void upon this ground. We rest it upon the ground that the only authority the court had to order a sale was the statute before noticed, and that under this statute the sale of the interests of the non-resident owners alone could not be ordered. The sale of the whole tract was necessary to confer jurisdiction in this case, and as the court had no jurisdiction, the sale was void.

The argument is made that, in this collateral proceeding attacking the judgment, its validity cannot be impeached; but counsel overlooked the fact that a void judgment, being no judgment, may be attacked at any time, and by any person whose rights are affected by it. If the judgment was not void, but only erroneous, we would have an entirely different question before us. Brownfield v. Dyer, 7 Bush, 505; Segal v. Reisert, 128 Ky., 117; Crown Real Estate Co. v. Rogers, 132 Ky., 790; Derr v. Wilson, 84 Ky., 14.

Wherefore, the judgment is affirmed on the appeal of Carpenter and reversed on the appeal of Martin Strode, et al, with direction to enter a judgment in conformity with this opinion.