## Rooney v. Commonwealth.

(Decided January 30, 1923.)

### Appeal from Bell Circuit Court.

1. Courts—Special Term—Validity of Order—Jurisdiction.—An order calling a special term to be presided over by a special judge in the absence of the regular judge, as provided by section 964a-1, Kentucky Statutes, which does not give the style of any case to be tried, is invalid and confers no jurisdiction on the special judge.

2. Courts—Special Term—Validity of Order—Jurisdiction.—An order calling a special term under section 964a-1, Kentucky Statutes, is invalid if entered after the regular term closed.

3. Courts—Records—Impeachment—Direct Attack—Admissibility of Parol Evidence.—Where neither an independent action nor a motion to set aside an order calling a special term is available, the accused for whose trial the special term was called may challenge the jurisdiction of the special judge, on the ground that the order calling the special term, though appearing of record on the orders of the last day of the regular term, was made and entered after the regular term closed, and the attack being as direct as the circumstances will permit, parol evidence is admissible to show the truth.

W. F. DAVIS, J. G. ROLLINS and E. F. BAKER for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is the second appeal of this case. On the former appeal the judgment of conviction was reversed for certain errors and cause remanded for a new trial. Rooney v. Commonwealth, 193 Ky. 723, 237 S. W. 403.

On the second trial appellant was again convicted, and while a reversal is asked on several grounds, only one of the grounds will be considered.

Appellant was tried and convicted at a special term of the Bell circuit court held in the month of July, 1922. It appears from the records of the Bell circuit court that the special term was called by an order entered of record at the regular May term of that court, and that it was necessary for the Governor to appoint or assign a special judge to preside at the special term, as the regular judge would then be holding court in Harlan county. By the order, all former orders setting felony cases for the regular November term were set aside, and those cases were set for trial at the special term. On the orders of the same day there appears a further order calling a special term for the same day in July for the purpose of trying appellant's case. The Governor designated a special judge to preside at the special term, and when appellant's case was called for trial, appellant challenged the jurisdiction of the court and asked a continuance on the ground that the first order calling a special term was invalid in that it did not name appellant's case as one of those to be tried, and that the subsequent order appearing of record during the May term was, as a matter of fact, entered after the May term closed, and while the regular judge was holding court in Harlan county. In support of this position, appellant filed the affidavit of the regular circuit clerk, and the statements therein contained are not denied.

It will be observed that this is a case where a special term was called, to be presided over by a special judge, while the regular judge was holding court in another county. In such a case the statute authorizes the regular judge to call a special term by order entered of record at a regular term, but provides that the order shall give the style of each case to be tried or in which any judgment, order or motion may be made or entered at such special term, and that "no other case shall be tried, or motion made, or order or judgment entered therein in any case even by agreement of parties." Sec. 964a-1, Kentucky Statutes. As the original order calling the special term did not give the style of any case to be tried, it is clear that this order was invalid and conferred on the special judge no jurisdiction to try appellant. As the last order recites that the special term was called for the purpose of trying appellant's case, it results that

the order is valid, unless, as a matter of fact, it was entered after the regular term closed. As the order book shows that the order was entered on the last day of the regular term, the Commonwealth insists that the record cannot be impeached by parol evidence. If that be true, appellant is without relief and this court must shut its eyes to a practice which strikes at the very foundation of justice. As there was no term of court between the regular term and the special term, it is apparent that nothing could have been accomplished by an independent action to set aside the order. Not only so, but a motion made at the special term to set aside the order would have proved unavailing, as the special judge was without authority to set aside an order made at the regular term. Therefore, when appellant challenged the jurisdiction of the special judge on the ground that the order calling the term was entered after the regular term had closed, he raised the question in the only way that it could be raised, and that being true, the attack was as direct as the circumstances would permit, and parol evidence was admissible for the purpose of showing the truth. If the evidence were conflicting, we would be inclined to sustain the record, but the facts being undenied, we must give effect to the truth and hold the order invalid on the ground that it was made and entered after the regular term closed. It follows that the special judge was without jurisdiction to try appellant.

No other question is decided.

Judgment reversed and cause remanded for a new trial consistent with this opinion.