## Martin v. Commonwealth.

### (Decided January 30, 1923.)

### Appeal from Bell Circuit Court.

Appeal and Error—Reversed Upon Authority of Rooney v. Commonwealth.—This appeal was considered by the whole court with that of Rooney v. Commonwealth, 198 Ky. 515, and upon authority of that case the judgment in this case is also reversed.

J. G. ROLLINS and E. F. BAKER for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This is an appeal from a judgment of the Bell circuit court entered upon a verdict whereby the appellant, Paris Martin, on his separate trial under an indictment charging him and others with the crime, was found guilty of murder and his punishment fixed at imprisonment in the penitentiary for life. His trial and conviction occurred at a special term of the court attempted to be called and ordered on the final day of the last previous regular term of the court by the judge thereof. The appellant objected to being tried at the special or called term and moved, supported by his own and his counsel's affidavits, for a continuance of his case, because of the alleged invalidity of the order calling the special term and consequent want of jurisdiction in the court to try him thereat. But the motion was overruled, to which ruling he excepted.

As in the case of J. E. Rooney v. Comlth., 198 Ky. 515, the trial and conviction of Rooney, which also occurred at the special term of the Bell circuit court in question, were declared illegal and the judgment reversed, because of the invalidity of the order calling it; and as our judgment on that appeal is conclusive of the right of the appellant to a reversal of the judgment from which the appeal is prosecuted in this case, it is deemed unnecessary to attempt to set forth additional reasons in support of the conclusions expressed in the opinion thereof. So on the authority of that case we must hold the trial and conviction of the appellant Martin also invalid.

Wherefore the judgment is reversed. The whole court sitting.