## New York Beverage Company v. Horvath.

(Decided June 2, 1925.)

### Appeal from Harlan Circuit Court.

1.   Courts—Court Held Without Jurisdiction to Dismiss Case for Want of Prosecution.—Court was without jurisdiction to dismiss case for want of prosecution, where style of case was not given in order or notice calling special term, and order of dismissal was not entered by agreement of parties, irrespective of whether special term was called under Kentucky Stats., section 964 or section 964a.

2.   Appeal and Error—Appellate Court Authorized to Reverse Void Judgment, where Motion Made to Vacate.—Where judgment of dismissal for want of prosecution was void, and motion had been

made in lower court to set aside, appellate court was authorized to reverse judgment, in view of Civil Code of Practice, section 763.

G. G. RAWLINGS for appellant.

D. Y. LYTTLE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Granting the appeal and reversing.

On September 16, 1921, the New York Beverage Company sued Jim Horvath in the Harlan circuit court to recover on an open account. At a special term held in July, 1922, the action was dismissed for want of prosecution. At the next term the plaintiff moved the court to set aside the order of dismissal, but the motion was overruled. Plaintiff has asked an appeal.

It is not clear from the record whether the special term was called under section 964 or 964a, Kentucky Statutes. If under the former and the style of the case was not given in the order or notice calling the special term, the court was without authority to make any order therein except by agreement of the parties. On the other hand, if the special term was ordered under section 964a, and the style of the case was not given in the order calling the term, the court was without authority to make any order in the case even though it was agreed to by the parties. The uncontradicted evidence shows that the style of the case was not given in the order or notice calling the special term, and that the order of dismissal was not entered by agreement of the parties. That being true it is immaterial whether the special term was called under section 964 or 964a, since, in either event, the court was without power in the circumstances to enter the order in question. The judgment being void, and a motion having been made in the lower court to set it aside, we are at liberty to reverse the judgment. Section 763, Civil Code; Stevens v. Young, 180 Ky. 154, 202 S. W. 481.

Wherefore, the appeal is granted and the judgment reversed with directions to set aside the order of dismissal.