## Hall, et al. v. Hall, et al.

(Decided February 23, 1926.)

### Appeal from Letcher Circuit Court.

1. Executors and Administrators—Sale of Real Property in Creditor's Suit Against Administrator Only Held Void.—Sale of decedent's real property in suit by creditor against administrator, without joining buyer of interest of widow and two children, or remaining children, held void, since none of owners were before court.

2. Executors and Administrators—Sale of Real Property, Ordered in Suit Against Administrator Only, Should be Set Aside on Application of Interested Persons.—On application of buyer of interest of widow and two children in estate, and remaining children, who were not joined in action by creditor against administrator, in which sale of real estate was ordered, sale should be set aside.

D. D. FIELDS & DAY for appellants.

HAWK & LEWIS for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Elijah Stallard, who owned a small farm in Letcher county, died intestate in the year 1922. He was survived by his widow and several children. Shortly after his death C. C. Morgan qualified as his administrator. About a year later J. A. Hall sued the administrator to recover on a small judgment which he had obtained against Stal-

lard. Later on he amended his petition, alleged that Stallard left no personal property, and asked for a sale of the land to pay his debts, and for a settlement of the estate. Stallard's widow and children were not made parties to the action. After hearing proof the commissioner reported that Stallard left no personal property, and approved plaintiff's claim, as well as certain claims in favor of the administrator. Thereupon the land was ordered sold, and Wilburn Reynolds became the purchaser. After the sale, Hiram Hall, in his own behalf, and John Stallard and Isom Stallard, infant children of the decedent, Elijah Stallard, suing by Hiram Hall as their statutory guardian, filed their petition to be made parties and to have the sale set aside. At the same time they filed exceptions to the report of sale. The court declined to permit the petition to be filed, overruled the exceptions and confirmed the sale. Hiram Hall and the infants appeal.

It appears from the petition that prior to the institution of the action Hiram Hall had purchased the interest of the widow and two of the children of the decedent, and that neither they nor he, nor the two infant children, were parties to the action. Therefore, the case is one where none of the owners, whether infants or adults, were before the court when the judgment of sale was rendered. It follows that the sale was void and passed no title to the purchaser. Carpenter v. Moorelock, 151 Ky. 506, 152 S. W. 575. In such case it is the better practice on timely application by those who are not made parties to set the sale aside rather than confirm the sale and require them to assert their rights in an independent action. It follows that the court should have permitted appellants' petition to be filed, and, there being no dispute as to the facts, should have sustained their exceptions and have set the sale aside.

Judgment reversed and cause remanded for proceedings consistent with this opinion.