## Thacker, et al. v. Phillips' Administrator.

(Decided March 23, 1926.)

### Appeal from Pike Circuit Court.

1.  Judgment—Judgment Entered at Special Term of Court, on Notice Specifying that all Equity Cases on Docket would be Before Court, Held Void as Not Compliance with Statute Requiring that Day be Specified and Style of Case to be Tried (Ky. Stats., Section 964).—Order for special term, specifying that all equity cases on docket will be before court for consideration, held not sufficient compliance with Ky. Stats., section 964, requiring specification as to day and style of each case to be tried, and judgment entered at such term, except by agreement of parties, is void.

2.  New Trial—Judgment Entered at Special Term on Insufficient Notice is Void, and on Motion for New Trial and to Set Aside Judgment Attempt should Not be Made to Give Effect to it, but it should be Set Aside and New Trial Awarded (Ky. Stats., Section 964).—Where judgment had been entered at special term of court, called upon notice which did not conform to requirements of Ky. Stats., section 964, court, in subsequent action for new trial and to set aside judgment, should not have attempted to give effect to any portion of judgment by trying original questions, but should have set judgment aside and awarded new trial.

DAUGHERTY & BARRETT for appellants.

F. W. STOWERS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Harper Phillips recovered a judgment against John A. Thacker for $1,757.57 with interest from April 20, 1883, subject to several credits. Execution was issued and returned "no property found." Some time later both Harper Phillips and Thacker died. Thereupon J. M. Phillips, administrator of Harper Phillips, brought suit against the heirs, widow and administrator of Thacker to subject certain lands which Thacker had owned to the payment of the debt. By amended petition it was sought to subject a ten-acre tract of land, known as the Millie Vance tract, which was owned by George W. Thacker. This land, together with other lands, was sold, plaintiff became the purchaser, and the sale was confirmed. Thereafter John A. Thacker's heirs brought this action for a new trial and to set aside the former judgment on the ground that the case was tried at a special term and the order calling the special term did

not give the style of the case.   Other grounds were also relied on.   During the progress of the action the defendant tendered a deed conveying seven acres of the ten-acre Millie Vance tract to George W. Thacker.   Issue was joined as to the ownership of the ten-acre tract. The court adjudged that George W. Thacker was the owner of seven acres of that tract, and in all other respects the petition was dismissed.   From that judgment this appeal is prosecuted.

In authorizing the calling of special terms in any county other than those having courts of continuous session, by order entered of record at the last preceding regular term in the county, or by notice signed by the judge and posted at the courthouse door of the county for ten days before the special term is held, section 964, Kentucky Statutes, provides:

"The order or notice shall specify the day when the special term is to commence, and *shall give the style of each case to be tried, or in which any motion, order or judgment may be made or entered at the special term, and no other case shall be tried or motion, order or judgment entered therein unless by* agreement of parties."

The order calling the special term at which the judgment in question was rendered is as follows:

"It is ordered that a special term of this court is called beginning December 5, 1921, at which term of court all the equity cases on the docket of this court will be before the court for consideration or for trial as may then be determined by the court."

It is argued that this order is a sufficient compliance with the statute as it gave notice that "all the equity cases on the docket would be tried," and thus included the original action of J. M. Phillips, administrator of Harper Phillips, v. George W. Thacker and others, which was then on the equity docket.   This contention can not be sustained.   The statute distinctly provides that the order or notice "shall give the style of each case to be tried."   Its purpose is to notify litigants and their attorneys of the particular cases to be tried, and an order not giving the style of any case, but requiring litigants or their attorneys to examine the court's docket for the purpose of ascertaining whether their cases were included in the order calling the special term, is neither a techni-

cal nor substantial compliance with the statute. As the order calling the special term was fatally defective, and the judgment in question was not entered by agreement of the parties, it follows that the court was without jurisdiction, and the judgment is void. New York Beverage Co. v. Horvath, 209 Ky. 343, 272 S. W. 878; Rooney v. Commonwealth, 198 Ky. 515, 249 S. W. 763; Carpenter v. Moorelock, 151 Ky. 506, 152 S. W. 575.

But the point is made that as the other defendants to the original action obtained all the relief they desired, and the court in this action tried out the question of George W. Thacker's title to the Millie Vance tract and awarded him seven acres thereof, the judgment, in effect, granted a new trial and substantial justice was done. We can not agree with this position. The original judgment being void, it divested appellants of no rights and conferred no rights on appellee. Hence, the court, without attempting to give effect to any portion of the judgment, should have set the judgment aside and have awarded a new trial.

Judgment reversed and cause remanded for proceedings consistent with this opinion.