## Daniel v. Commonwealth.

(Decided February 1, 1929.)

A. J. KIRK & SONS for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

Opinion of the Court by Chief Justice McCandless—Granting appeal.

This is a motion for an appeal from a judgment of the Johnson circuit court, imposing a fine of $100 and 6 months' imprisonment on Jimmie Daniel for a violation

of the prohibition law. The only ground urged for reversal is that defendant's trial was not held at an authorized term of the Johnson circuit court. Johnson and Martin counties are in the Twenty-Fourth judicial district. The regular terms of the Johnson circuit court begin on the first Monday in February, second Monday in June, and third Monday in November, respectively, and continue for a period of 24 days each. The Martin circuit court begins on the first Monday in April and August, and the third Monday in November (October)— see Meek v. Stone, 225 Ky. 749, 9 S. W. (2d) 1099—respectively, and each continues for a period of 18 days. The record discloses that the regular June, 1928, term of the Johnson circuit court convened on June 11, 1928 (the second Monday), and on that date an order was entered extending the June term until and including the 1st day of October, 1928, and passing all the cases on the court's docket to the third Monday in August, to which date the court was then adjourned. On the third Monday in August (August 20, 1928) the court was again convened as the second day of the June term. The Martin circuit court was called on Monday the 6th day of August, and the term completed in the interim. On the 21st of August the defendant was tried and convicted as indicated above, and his motion and grounds for a new trial raised the jurisdictional question here involved.

Section 971-13, Ky. Statutes, provides: "In each county of each judicial district, except counties having circuit courts of continuous session, there shall be held each year the number of terms of the circuit court provided for by law, and the term in any district may be extended if the business requires so that it does not interfere with any other term in the district."

It is the first duty of the circuit judge to hold the regular terms of court established by law. Under the conditions named in the statute, he may extend these terms, but not so as to interfere with a regular term elsewhere in the district. Naturally two terms could not be conducted in different counties at the same time without interfering with each other. It is said, however, that the Martin circuit court was concluded and had adjourned prior to August 20, at which time the Johnson circuit court reconvened. We do not think this obviates the objection. If the order extending the June term of the Johnson circuit court was valid, that term of court overlapped and embraced the August term of the Martin cir-

cuit court as fixed by statute. True the Johnson circuit court had recessed during the time the Martin circuit court was in session. But there was a conflict in the terms of the two courts. If the statute were construed to permit this practice, it would logically follow that the circuit judge could extend each term in every county in his district to the first day of the succeeding term, and recess and reconvene at his pleasure, and thus keep all the courts of his district in practically continuous session. Clearly this is forbidden by statute. Aside from this, a court can only control its orders during the term at which they are rendered, and motions for a new trial in criminal cases can be entered at any time during the term; for this and many other reasons it is highly essential that the end of the term be fixed and certain. And this course, if pursued to its logical conclusion, would result in doubt and uncertainty contrary to the spirit and purpose of the statute.

The legislative will in regard to *regular* terms is indicated by the authority granted the circuit judge to call *special* terms, either by order regularly entered of record at a regular term or by posting notice at the courthouse door. Such special term may be held while a *regular* court is in session in another county of the district. And provision is made for every character of contingency. That provision has been given a liberal construction by this court. Crenshaw v. Commonwealth (Ky.) 12 S. W. (2d) 336. And it is suggested by the learned Attorney General that the order referred to in this case, while ostensibly an extension of the regular term, was in fact the calling of a special term, and should be upheld as such. But, if so construed, nevertheless this order is insufficient for that purpose, as it did not embrace the name or style of any of the cases to be tried, as is mandatorily required in calling special terms. Thacker v. Phillips' Adm'r, 213 Ky. 687, 281 S. W. 831; N. Y. Beverage Co. v. Horvath, 209 Ky. 343, 272 S. W. 878; Rooney v. Com., 198 Ky. 515, 249 S. W. 763; Carpenter v. Moorelock, 151 Ky. 506, 152 S. W. 575. It follows that the attempted extension of the June term of the Johnson circuit court was unauthorized, and defendant's conviction therein invalid.

Wherefore the appeal is granted, the judgment set aside, and a new trial granted.