# Richie and Griffith v. Commonwealth.

(Decided May 24, 1929.)

C. F. SEE, JR., and W. J. WARD for appellants.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellants, Rollie Ritchie and Joe Griffith, were separately indicted, charged with the crime of robbery. By agreement they were tried together and each was convicted and sentenced to the penitentiary for a period of two years.

A number of grounds are relied upon for reversal, but it is only necessary to discuss one, namely, that the Johnson circuit court was not legally in session when the indictment against Joe Griffith was returned and when the trial took place.

The appellant Ritchie was indicted on December 2, 1927, which was during the November term of the Johnson circuit court. The indictment against the appellant Griffith was returned on the 22d day of August, 1928, and the trial was held on August 28, 1928. The indictment against Griffith was returned and the trial held at what purported to be an extension of the regular June term of the Johnson circuit court. The June term consisted of 24 juridical days, beginning on the second Monday in June, 1928. On that date an order was entered, extending the June term until and including the 1st day of October, and passing all cases on the court's docket to the third Monday in August, to which date the court was then adjourned. On the third Monday in August the court was again convened as the second day of the June term. A regular term of circuit court was held in Martin county, which is in the same judicial district, during the

period of adjournment. In Daniel v. Commonwealth, 227 Ky. 604, 13 S. W. (2d) 790, it was held that the order extending the June term, 1928, of the Johnson circuit court, was invalid. That being true, the indictment returned against Griffith on August 22, 1928, and the trial of appellants on August 28, 1928, were nullities. In Smith v. Commonwealth, 228 Ky. 710, 15 S. W. (2d) 458, an attempted extension of a term of court under similar circumstances was held to be unauthorized and the defendant's conviction therein invalid.

It is suggested on behalf of the commonwealth that the jurisdictional question was not raised in the lower court and was therefore waived. Want of jurisdiction, except of the person, cannot be waived and jurisdiction cannot be conferred by consent or agreement. Tackett v. Tackett, 204 Ky. 831, 265 S. W. 336; Sanford v. Roberts, 193 Ky. 377, 236 S. W. 571. 15 C. J. 802. And a jurisdictional question can be raised at any time. Farmers' National Bank of Somerset v. Board of Supervisors of Pulaski County, 225 Ky. 246, 8 S. W. (2d) 401.

It follows that the judgment must be reversed.

Judgment reversed.