## Thompson v. Commonwealth.
(Decided Dec. 11, 1936.)

FORESTER & SHEHAN, C. B. SPICER and ROSE & HUFF for appellant.

B. M. VINCENT, Attorney General, and J. J. LEARY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

John Thompson, having by the grand jury of Harlan county been indicted for the offense of murder, was upon trial found guilty as charged and his punishment fixed at death.

He has appealed, relying upon a number of grounds for reversal, but only one of which we deem it needful to here discuss, namely, that the Harlan circuit court was not lawfully in session at the time the trial of appellant on this indictment was held.

This trial took place during what purported to be an extension of the regular March term, 1936, of the Harlan circuit court, which under the provisions of section 965-26, Kentucky Statutes, begins on the third Monday in March, or here March 16, and extends for eighteen juridical days, ending April 4, 1936.

Further, it is by the same section provided that the regular April term of the Bell circuit court, which is in the same Twenty-Sixth judicial district, shall begin on the second Monday in April and extend for eighteen juridical days.

It is further disclosed and agreed that on March 26,

1936, or during the regular March term period of the Harlan circuit court, its regular judge ordered that such term be extended "from the close of the regular term on April 4th, so as to cover and embrace the weeks of April 6th, 13th and 20th, so as to include eighteen juridical days in the Month of April, so as to close on April 25th."

By this order, extending the regular term of the Harlan circuit court from April 6 to April 25, the honorable chancellor extended the same so as to overlap the regular April term provided by the statutes for the Bell circuit court, beginning on the second Monday of April, or April 13, 1936.

It is shown by the record that the trial of the defendant upon this indictment began in the Harlan circuit court on the tenth day of its extended March term, or April 16, and the verdict of the jury, finding the defendant guilty, was duly returned by it on April 17, 1936, or that the trial took place within the time of the overlapping of the extended term of the Harlan circuit court and the regular April term of the Bell circuit court as fixed by the statute, beginning April 13, in clear violation of section 971-13, Kentucky Statutes, providing that:

"In each county of each judicial district, except counties having circuit courts of continuous session, there shall be held each year the number of terms of the circuit court provided for by law, and the term in any district may be extended if the business requires so that it does not interfere with any other term in the district."

This court, in considering this question arising in the much analogous case of Daniel v. Commonwealth, 227 Ky. 604, 13 S.. W. (2d) 790, said:

"But there was a conflict in the terms of the two courts. If the statute were construed to permit this practice, it would logically follow that the circuit judge could extend each term in every county in his district to the first day of the succeeding term, and recess and reconvene at his pleasure, and thus keep all the courts of his district in practically continuous session. Clearly this is forbidden by statute."

Also, in Smith v. Commonwealth, 228 Ky. 710, 15 S. W. (2d) 458, 460, did the court, in its consideration and disposition of this same question as here presented, say:

"The June term of the Johnson circuit court consists of 24 juridical days. It began on June 13, 1927, and ended on July 9, 1927. On June 20, 1927, the court attempted to extend this term over and beyond the August term of the Martin circuit court to and including September 10, 1927, and in that same order adjourned the court to August 15, 1927. The trial of this defendant began on August 19th and was concluded on the 20th. Because it was had at that time, and, for no other reason, this judgment must be reversed, upon the authority of Daniel v. Com., 227 Ky. 604, 13 S. W. [2d] 790."

Also, the court, in again considering and disposing of this same question as to the legality of the trial proceedings held during an extended regular term of a circuit court which overlapped the regular term of another court within the same district, in Richie and Griffith v. Commonwealth, 229 Ky. 654, 17 S. W. (2d) 738, 739, quoted with approval and followed the holdings made upon this question in the cases of Daniel v. Commonwealth and Smith v. Commonwealth, supra, and adjudged that the trial proceedings had of the accused Richie and Griffith during such unlawful overlapping of the extended term and the regular term of a circuit court within the district was a nullity.

It is a generally recognized rule that it is essential to jurisdiction that a court should be held at a time authorized by law, and that where a court is held at an unauthorized time, all proceedings therein are void. Nor can the express consent of the parties confer jurisdiction upon the court.

Such rule, which is well established, also affords an answer to the further contention of the Commonwealth here urged, that the defendant went into trial of the case before us without objection and without raising the point that the court was erroneously proceeding to try the case when it was without jurisdiction, due to the fact that the regular term of the court had been improperly extended so as to interfere with the business of the Bell

circuit court. Further, as said in the Richie Case, supra, on this point:

"Want of jurisdiction, except of the person, cannot be waived and jurisdiction cannot be conferred by consent or agreement."

Terms of court must be held at the time lawfully fixed therefor, and all proceedings had at a term held at any other time than as legally provided are void, for, as said in the case of Hanley v. City of Medford, 56 Or. 171 108 P. 188, 190:

"To constitute a lawful court, * * * the persons who assume to hold such court and dispense justice must be officially assembled under authority of law, and the court must be held at the appropriate time and place appointed by law therefor. If the person assuming to act as judge was not then invested with judicial authority [that is, with the power of the law to declare and record its mandates], then his acts in attempting so to do are of no consequence whatever, and are void. And if he were fully invested with judicial authority, so as to make his pronouncement of the law effective, still the time and place of holding the court are equally essential; for, when the law prescribes the time and place for the holding of court, then time and place are as essential limitations of jurisdiction as are subject-matter and parties."

15 C. J. sec. 223, p. 877.

In the instant case, as said in the Smith Case, supra, because the trial of the accused here began and was concluded during the unlawful overlapping of the extended term of the Harlan circuit court and the regular term of the Bell circuit court, the court was without jurisdiction to therein try the defendant, and all its proceedings held at such an unauthorized time were void, for which reason the judgment is reversed.