THIS is a writ of error to an order of the Shelby county court, refusing to admit to record an instrument of writing, purporting to be the last will and testament of Thomas .T. Crwinn, deceased.
The capacity of the testator is abundantly pro ven, and the only question made in the case is, whether the instrument was executed with the solemnities required by lawto give it the efficacy of a will. The instrument is signed by the name of the testator, and purports to be attested by two subscribing witnesses.
The body of the instrument is proven to be in the hand writing of another, and the signature of the testator in his own hand writing. One of the subscribing witnesses, deposes, that the testator acknowledged the instrument before him, and that he, at the request and in the presence of the testator, subscribed his name thereto, as a witness. The other witness whose name is subscribed to the instrument, states, that he has no recollection of having attested it; but he explicitly acknowledges the signature of his name to be in his hand writing, and says that he has a distinct recollection of having subscribed his name as a witness, atthe request of the testator, to one paper, and a faint recollection that he had done so to another, but cannot identify the instrument in question as either of those which he had so attested. He, however, states, that it was his invariable ha! it, not to attest an instru *138 ffient as a witness, unless it were acknowledged by the person who purports to have executed it.
This evidence, it is contended on the part of the defendant in error, is insufficient to establ ish the will, inasmuch as the law requires, that a will* to be efficient to dis, oSe of the lands, as is done by the instrument in question, should *s be attested by two witnesses, subscribing their names in the presence of the testator,” and only one Of the subscribing witnesses is able to testify, that his name was so subscribed to the instrument in question.
It is certainly true, that the statute requires a will in such a case to be attested by two witnesses subscribing their names in the presence of the testator; but it is equally true, that it does not require the fact, that it was so attested, to he established by the testimony of the subscribing witnesses Only, and that it leaves the fact to be ascertained by any evidence competent for the purpose. It has accordingly been held, where the subscribing witnesses have died, or become insane, or are otherwise incapable of testifying that the fact of their having subscribed their names in the presence of the testator, may be established by proof of their handwriting ; and wills have been established even in opposition to the wilful denial of their signatures by the subscribing witnesses, when called upon to testify. The point in controversy, then, resolves itself into a mere question of fact, whether the witness who is unable to recollect the mode of his attestation, did subscribe his name in the presence of the testator.
That lie did so, we think there can be no doubt. His name being in his own hand writing, without even the shadow of testimony to shew that it was forged or counterfeited, creates a violent presumption, that it was subscribed by himself; and from that circumstance alone, we apprehend the rational conclusion would be, that he had subscribed bis name in the pres. ertcerof the testator. But this conclusion does not depend upon that circumstance alone. It is moreover fortified by the circumstance that the witness had attested some instrument at the request of the testator, and that it was his invariable habit not to attest an in. strument as a witness unless it were acknowledged by the person who purports to have executed it.
*139 The order of the county court refusing to admit the will to record, must be reversed with costs, and the will being fully proven in the court, remanded to that court to be there recorded-