CASE 23—DECEMBER 22.

# Montgomery, &c., vs. Perkins, &c.

APPEAL FROM WASHINGTON CIRCUIT COURT.

1. The two subscribing witnesses to a will testified that the draftsman of the instrument wrote and subscribed their names to it, each of them "holding the pen as the draftsman wrote their respective names," neither of them being able to write. They also testified that they were unable to identify with certainty the paper in contest as being the same so subscribed by them; and, on hearing the paper read, they both expressed the opinion that, as to one of its provisions, it was different from the provisions of the paper which they heard read at the time they witnessed it. The draftsman proved that he wrote the paper in contest, and that it was the identical paper which was executed and acknowledged by the testator as his will, and which was subscribed by the two subscribing witnesses in the manner above stated. *Held*—To be sufficient proof of the execution and publication of the will.

2. A literal adherence to the words of the statute requiring that the witnesses "shall subscribe the will with their names in the presence of the testator" is never exacted, and a substantial conformity with the spirit of the statute is all that reason or sound policy requires.

3. One who is constituted by a will a mere trustee for one of the devisees is a competent witness to prove facts necessary to establish the instrument.

JAMES HARLAN, for appellants, cited *Rev. Stat.*, 694, *sec.* 5; 17 *B. Mon.*, 390; 1 *Dallas*, 288; 16 *B. Mon.*, 102; 6 *Serg. & Rawle*, 489; 6 *Grattan*, 625; *Ib.*, 627.

JOHN SHUCK, on same side, cited 16 *B. Mon.*, 102; *Rev. Stat.*, *chapter on Wills*, 694.

R. J. BROWNE, on same side, cited *Rev. Stat.*, *chap.* 106, *secs.* 13, 28; 18 *B. Mon.*, 65; *Rev. Stat.*, *p.* 694; 1 *Greenleaf Ev.*, *sec.* 69; 16 *B. Mon.*, 113.

M. R. & T. B. HARDIN, and W. E. RILEY, for appellees, cited 2 *J. J. Mar.*, 332; 3 *Ib.*, 116; *Rev. Statutes*, *sec.* 6, *chap.* 106, *p.* 694; 16 *B. Mon.*, 112; 17 *Ib.*, 390; 2 *Litt.*, 137–8; 1 *Williams on Executors*, *pp.* 78, 79, *note c.*

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

A paper purporting to be the will of Vardaman Ruby, deceased, was admitted to record by the Washington county court, and upon an appeal to the circuit court the paper in contest was adjudged to be the true last will and testament of the decedent.

To reverse that judgment, the appellants rely mainly upon the ground that the formal proof of the execution and publication of the paper in contest, as a will, was not in conformity with the fifth section of the statute which regulates the attestation and publication of wills. (*Rev. Stat., p.* 694.)

The capacity of the decedent to make a valid disposition of his property by will is established beyond all doubt by the proof.

The two subscribing witnesses testified that Mountford Peter, the draftsman of the will, wrote and subscribed their names to the will, each of them " holding the pen as Peter wrote their respective names," neither of them being able to write. They also testified that they were unable to identify with certainty the paper in contest as being the same so subscribed by them; and on hearing the paper read they both expressed the opinion that, as to one of its provisions, it was different from the provisions of the paper which they heard read at the time they witnessed it.

Peter then proved that he wrote the paper in contest, and that it was the identical paper which was executed and acknowledged by Ruby as his will, and which was subscribed by the two subscribing witnesses in the manner already stated. Was this proof sufficient under the statute?

No doctrine is better settled than that a literal adherence to the words of the statute, requiring that the witnesses " shall subscribe the will with their names in the presence of the testator," is never exacted, and that a substantial conformity with the spirit of the statute is all that reason or sound policy requires. Hence it has been held that where the witnesses were unable to write, their names might be written by another, and marks attached by themselves; and also that one witness might hold and guide the hand of another who could not write. (1 *Williams on Executors,* 79.)

And in *Upchurch vs. Upchurch* (16 *B. Mon.*, 112) the same general principle was recognized, and it was decided, that although the names of the witnesses were written by another, without any agency on their part in the physical act of subscribing their names, it was nevertheless a sufficient *subscription* within the meaning of the statute.

In the case of *Gwinn vs. Radford*, (2 *Litt.*, 137,) and in the more recent case of *Tudor vs. Tudor*, (17 *B. Mon.*, 390,) it was held that the statute does not require the *fact* that the will was attested in the manner required should be established by the testimony of the subscribing witnesses only, but that such fact was to be ascertained by any evidence competent for the purpose. Hence, where the subscribing witnesses have died or become insane, or are otherwise incapable of testifying, the fact of their having subscribed their names in the presence of the testator may be established by other proof; "and wills have been established in opposition to the willful denial of their signatures by the subscribing witnesses, when called upon to testify."

Upon these well settled principles, the testimony of Peter, in relation to the identity of the paper, was unquestionably admissible. Every reason of policy upon which the propriety of the exclusion of such evidence has been urged in argument, would apply to every case in which the testimony of the subscribing witness himself, upon the trial, was rendered impracticable from any cause. If one or both of the subscribing witnesses had died or become insane, or otherwise incapable of testifying before the trial, evidence of the fact of their having subscribed the will as witnesses would have been admitted, no doubt, without objection. Why may not the same fact be established by the same evidence, and for the same purpose—that of identifying the paper—even in opposition to their vague opinions and their uncertain recollections touching the fact of identity—a fact concerning which their opinions must, in the very nature of the case, be entitled to but little weight, when considered in connection with the explicit and satisfactory statements of another witness who was present at the same time, who wrote the paper, and whose opportu -

nities and capacity to know and to remember the material facts in dispute have not been questioned?

This witness had no interest in the establishment of the will, which constituted him a mere trustee for one of the devisees.

The judgment of the circuit court is affirmed.