# Tackett v. Tackett.

(Decided October 10, 1924.)

## Appeal from Carter Circuit Court.

1. Wills—Weight of Evidence Held to Show Paper Offered as Will was Forgery.—In will contest, great weight of evidence held to show that paper offered as will was forgery.

2. Wills—Exclusive Mode of Review of Order Probating Paper is by Appeal to Circuit Court.—Exclusive mode of review of order probating paper as will is by appeal to circuit court.

3. Courts—Jurisdiction Cannot be Conferred by Agreement.—Jurisdiction cannot be conferred by agreement, and want of jurisdiction cannot be waived.

4. Wills—Whether Will was Forgery Held for Jury.—Propounders of will claimed to be forgery held to have made out case for jury.

5. Wills—When Verdict in Favor of Will Palpably Against Weight of Evidence, Court Properly Granted New Trial.—In will contest, where verdict in favor of will as against claim of forgery was palpably against weight of evidence, trial court did not err in setting it aside and granting new trial.

6. Appeal and Error—Ruling Upon Motion for New Trial will Not be Disturbed, Unless Sound Discretion has been Abused.—In matter of setting aside verdict and granting new trial, trial courts have broad discretion, and their rulings will not be disturbed, unless it appears that sound discretion has been abused.

7. Wills—Testimony of Others than Subscribing Witnesses Not Ordinarily Admissible to Prove Wills.—Generally, proof of will by other than testimony of subscribing witnesses is not permissible, where witness exists and is known to reside within jurisdiction of court, and mere temporary absence of subscribing witness from state does not authorize proof by proving handwriting of testator and of witnesses.

8. Wills—Execution May be Proved by One of Attesting Witnesses.—Due execution of will may be proven by one of attesting witnesses, if he can testify to compliance with all requirements of statute, notwithstanding Ky. Stats., section 4828, requiring attestation of at least two witnesses.

9. Wills—Court Held to have Erred in Peremptory Instruction to Return Verdict that Paper was Forgery.—In will contest, court held to have erred in peremptorily instructing jury to return verdict that paper was forgery and not will, where there was some slight evidence to contrary.

WAUGH & HOWERTON for appellant.

G. W. E. WOLFFORD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Reversing.

A paper purporting to be the last will and testament of Mrs. Julia A. Tackett, deceased, was probated in the Carter county court, and from that order an appeal was prosecuted to the Carter circuit court, where one of her sons, Ed. Tackett, contested the will. The paper in contest reads as follows:

"This April 6th, 1915.

"Know all men by these presence, that I, J. A. Tackett, of Enterprise, Carter Co., Ky., being of sound mind and memory, do make this my last will and testament: After all my just debts and funeral expenses are paid I hereby give and devise unto my beloved daughter, Minty Gray ($300.00) three hundred dollars, and to my son Paul Tackett ($250.00) two hundred and fifty dollars, and to T. L. Tackett the remainder of all my real and personal property of which I am possessed at my decease.

"J. A. TACKETT.
"S. W. LOOMIS.

"We, the above named witnesses, certify that we were present and saw J. A. Tackett sign her name to the above instrument, and each signed it in her presence of each of the (witnesses).
"This April 6, 1915.

"MINTY GRAY.
"ANNA TACKETT."

The grounds of contest alleged in the petition on appeal were (1) that the will is and was a forgery, and (2), that it was not executed in the way and manner provided by our statute. Issue was joined by an answer controverting the averments of the petition. Two jury trials were had. The first one, resulting in a verdict sustaining the will, was set aside on motion for a new trial. The second verdict was directed by the court in favor of the contestant, and a judgment was entered thereon, holding the paper not to be the last will and testament of Julia A. Tackett.

The contestee prosecutes this appeal urging (1) that the trial court should have sustained his motion to substitute the verdict of the jury in the first trial, sustaining the will, for that on the second trial; (2) court erred as

a matter of law in setting aside the verdict and judgment in the first trial; (3) appellant made out a case on the first trial of due execution of the will and the verdict and judgment should not have been set aside.

The evidence upon both trials is very conflicting and generally unsatisfactory. Pursuing the general rule of practice, T. L. Tackett, the propounder of the will, introduced his evidence first. He was the principal beneficiary. He says he did not see the will written or signed by the testatrix or by either of the witnesses, but he says the signature of J. A. Tackett is that of his deceased wife, Mrs. Julia A. Tackett, and that the name Minty Gray, a married daughter, was her proper signature, and that Anna Tackett, another daughter, was her proper signature. Further testifying he stated that the testatrix shortly before she died told him that she had some papers at the People's Bank in Olive Hill, which he should get upon her death. Eight months after the death of the testatrix he went to the bank and got the bundle of papers containing thrift stamps and other things which he carried home, and among these papers he found the paper which he later had probated as the last will of his wife; that he did not know who wrote it or when it was written. He then called some other witnesses who stated that the signature to the will was that of the testatrix, and also proved by his infant son that some years before his mother died he had seen a man who generally wrote wills and deeds in that part of the country in his mother's room at the house writing a paper and that there were other persons present. It was also proved by another son that his mother had said to him that she had papers at the bank which he should get upon her death. At the time of the trial Anna Tackett, one of the witnesses to the testamentary paper, was dead. The other witness, Minty Gray, did not appear at the trial, she being sick, as it is stated. There is an affidavit in the record showing that at one time the contestant proposed to take her deposition and to prove by her that she did not witness the will of her mother and did not know that such a will had been made, but when the contestant and his attorney went to the house of Minty Gray to take her deposition they found contestee, T. L. Tackett, there and was informed by him that his daughter was not physically able to give her deposition, and thereupon the taking of her deposition was temporarily abandoned. The same affidavit states, concerning Minty Gray, ''that this witness is one of the bene-

ficiaries of the will and is the only person living whose name appears to said will as a witness, and that he (affiant) will prove by this witness that she never signed said will as a witness and that the signature to said will purporting to be her signature is a forgery, and that she never signed said will at any time and never saw it in her life."

Contestant called several witnesses to show that the will was a forgery. Among them was A. M. Johnson, a notary public, who stated he wrote the paper in contest for T. L. Tackett many months after the death of testarix; that appellant came to him and asked him to write a will and that he put him off and told him it was dangerous; that he would get in the penitentiary, but finally consented to and did write the will, but he did not know who put the signatures to it. The date of the will, the witness stated, was not the correct one but was written in to meet the necessities of the case.

The great weight of the evidence is to the effect that the paper offered as the will of Mrs. Julia A. Tackett is spurious.

Coming now to the consideration of appellant's grounds of appeal we may say that it is true that the exclusive mode of review of an order probating a paper as the last will and testament of one deceased, is by appeal to the circuit court. Hughey v. Sidwell Heirs, 18 B. M. 259; Patten v. Sallee, 159 Ky. 285. Nor can jurisdiction be conferred by agreement. Want of jurisdiction cannot be waived. We think, however, that the proper mode was pursued in this particular case, for the proceeding is in substance and effect an appeal from the order of the county court probating the will. The petition filed sets up the facts of probation and grounds of contest and files a copy of the will, and we conceive it to be an appeal. Moreover, the appellant filed an answer to the petition and specifically joined issue upon the contest of the will and waived all irregularities, so stating in the answer. He is not, therefore, in position to complain.

The most serious complaint which appellant makes is that the trial court set aside the first verdict and judgment finding the paper to be the last will and testament of the deceased, on motion and grounds for a new trial. It is stated, and not without foundation, that the propounders of the will made out a case for the jury on the first trial. We think the evidence we have recited in outline above shows this to be true, but are equally convinced that

the verdict of the jury was palpably against the weight of the evidence, and the trial court did not err in setting the first verdict aside and granting a new trial. Trial courts have a broad discretion in such matters and their ruling upon motion and grounds for new trial will not be disturbed unless it appears that a sound discretion has been abused. Wilson v. Rockcastle Mining and Lumber Co., 200 Ky. 484; Algee v. Algee, 168 Ky. 362. This being true the trial court properly overruled appellant's motion to substitute the verdict of the jury on the first trial for the verdict rendered on the second trial.

It is the general rule that proof of a will by other than the testimony of subscribing witnesses is not permissible where such witnesses exist and are known to reside within the jurisdiction of the court. Certainly it is the practice to call attesting witnesses to prove the due execution of the will when such witnesses are obtainable. In one case it is said: "All the subscribing witnesses to a will living in the state, competent to testify, ought, it has been held, to be sworn and examined by the surrogate when the will is sought to be proved and admitted to probate. Jauncey v. Thorne, 45 Am. Dec. 424. However, this is not necessary except where a statutory requirement exists. But the mere temporary absence of a subscribing witness from the state does not authorize proof of the will by proving the handwriting of the testator and of the witnesses, if the witness does not reside out of the state and his testimony may be obtained."

The due execution of a will may be proven by one of the attesting witnesses, if he can testify to compliance with all the requirements of the statutes. It has also been held that one of the subscribing witnesses may prove the execution of the will and its due attestation by himself and others, and if his testimony is satisfactory it is sufficient.

While section 4826, Kentucky Statutes, requires the attestation of at least two witnesses to the will to make it valid, we have held in many cases, of which Lindsay v. McCormick, 2 A. K. Mar. (Ky.) 229; Harper v. Wilson, 2 A. K. Mar. (Ky.) 465, are examples, that one of the witnesses may prove the attestation, acknowledgment and signature, and thus probate a will; but this court has never held, so far as we are advised, that a will may be probated without the evidence of one or more of the attesting witnesses if they be living and within the jurisdiction of the court. In this case, Minty Gray, a daugh-

ter and an alleged attesting witness, is shown to have been living at the time of the trial and within the jurisdiction of the court. Her testimony should have been obtained and other evidence ought not to have been received to prove the execution of the will so long as she continued to reside within the jurisdiction of the court, and was competent to testify. 28 R. C. L. 370; see note 77 Am. St. Rep., beginning on page 469.

As appellee did not favor the court with a brief of his side of the case, we shall devote no time to it. As there was some evidence, though slight, tending to prove the paper offered in contest to be the last will and testament of the deceased, Julia A. Tackett, the trial court erred in peremptorily instructing the jury to find and return a verdict that the paper was not the last will and testament of the testatrix and should have submitted the case to the jury under proper instructions. If the evidence upon another trial is in substance the same as upon the last trial, the court should follow this course. For the reasons indicated the judgment is reversed for new trial consistent with this opinion.

Judgment reversed.