## Breckinridge, etc. v. Kentucky Central Life and Accident Insurance Company, et al.

(Decided December 19, 1924.)

### Appeal from Fayette Circuit Court.

Insurance—Policy Holders' Statutory Remedy for Mismanagement and Appropriation of Insurance Company's Property Exclusive.—Kentucky Statutes, sections 628, 744, 752-754, provides adequate remedy to policy holders and stockholders for mismanagement or appropriation of corporation's property, and is exclusive of common law right, and single policy holder could not maintain suit for accounting on misappropriation of mutual company's assets.

R. E. LEE MURPHY and TAYLOR H. HOUSE for appellant.

PETER, LEE, TABB & KRIEGER, H. N. LUKINS and ARTHUR PETER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

This action was commenced by appellant, Jeanette Breckinridge, suing for herself and all others similarly situated, against Kentucky Central Life and Accident Insurance Company, a corporation, certain directors and stockholders of the company, and James F. Ramey,

as Insurance Commissioner of the state of Kentucky, seeking to have all of the assets of the company, alleged to amount to $750,000.00, adjudged to be a trust fund for the joint use and benefit of herself and all persons similarly situated. The company does an industrial insurance business, collecting from policyholders premiums of five, ten and fifteen cents per week per policy. Appellant was a policyholder in the company at the time of the commencement of the action. The petition avers that the company was originally organized as a mutual company in 1902, but that it was changed to a stock company in 1917, with a capital of $10,000.00, which has since been increased to $200,000.00. It is further averred that by the reorganization of the company, the stockholders who are made defendants, fraudulently appropriated all the property and effects of the old mutual company and converted the money, securities, property and assets of the company to their own use and benefit, with the intention of depriving the appellant and all policyholders of the benefits of the alleged trust fund, and had failed to account to her and other policyholders for any of the property and assets of the old company. The prayer asked the court to adjudge the property of the company a trust fund for the benefit of the appellant and all others similarly situated and that an accounting be had of all funds named, and that James F. Ramey, Commissioner of Insurance, take charge of the trust funds and hold them for the use and benefit of the appellant and all others similarly situated for whom she sued, until the further orders of the court distributing the funds.

A special demurrer was filed to the petition by James F. Ramey, Commissioner of Insurance, and sustained. Thereafter appellant filed an amended petition reiterating in part the prayer of the original petition but omitting that part of the prayer that James F. Ramey, Insurance Commissioner, take charge of the assets of the company. The special and general demurrers filed to the petition as amended were sustained and appellant declining to further plead, her petition was dismissed, from which judgment she prosecutes this appeal.

The insurance department of the state in charge of the commissioner of insurance is authorized by statute to superintend the organization, inspection, examina-

tion and management of life and accident insurance companies doing business in this Commonwealth, and in certain cases revoke their charters and licenses to do business, and to wind up their affairs for the protection of the policyholders, creditors and stockholders. The business of life insurance is so general and of such a public nature that the state has deemed it wise to scrutinize and to superintend the conduct of the various companies doing business in this state.

Section 744, Kentucky Statutes, reads:

> "There is hereby established, in connection with the office of auditor of public accounts, a department to be designated the insurance department, which shall be charged with the enforcement of the laws heretofore passed, or which may hereafter be passed, relating to insurance."

The next section of the statutes provides for the appointment of a commissioner of insurance and fixes his term of office, bond and office force. Another section of the statute immediately following provides for the salary of the commissioner, his deputy and clerks; another section confers certain powers upon the commissioner to be exercised in his office. Section 752 relates to certificates to be issued to insurance companies authorizing them to do business in this state, and their examination to ascertain their condition; penalty for failure to submit to such examination and for obstructing the same. The next section, 753, provides what shall be done if the company, after the examination, is found to be unsound, and fixes the penalty against the company and its officers for doing business otherwise than as provided by law. This latter section in part provides:

> "  .  .  . If, upon examination, he is of opinion that any domestic insurance company is insolvent, or has exceeded its powers, or has failed to comply with any provision of law, or that its condition is such as to render its further proceedings hazardous to the public or to its policyholders, he shall revoke or suspend all licenses issued to it or its agents, and cause notice thereof to be published in some paper having general circulation in the state; and it is hereby also made the duty of the commissioner to immediately notify the general agents of the foreign or domestic company sus-

pended of the suspension, and it shall be the duty of said agents to immediately notify persons insured by them of such suspension by the commissioner, and for failure so to do upon the part of the commissioner or agent, he shall be fined not less than fifty nor more than one hundred dollars for each offense; he shall also apply to the judge of the Franklin circuit court, or the judge of the circuit court where the company is located, to issue an injunction restraining it in whole or in part from further proceeding with its business. Such judge may, in his discretion, issue the injunction forthwith, or upon notice and hearing thereon, and after a full hearing of the matter may dissolve or modify such injunction or make it perpetual; and may make all orders and decrees needful in the premises and may appoint agents or receivers to take possession of the property and effects of the company, and to settle its affairs subject to such rules and orders as the court may from time to time prescribe, according to the course of proceedings in equity; provided, that if any injunction issued hereunder be dissolved, and the court or judge dissolving the same shall not state in the order or decree of dissolution that there were reasonable grounds for procuring such injunction, the cost of such proceeding shall be taxed and paid out of the funds of the insurance department.''

Section 754 reads:

''When, in his opinion, the officers or agents of an insurance company have violated any law of this state relative to such company, the commissioner shall forthwith report the facts, with the testimony reduced to writing, and signed by the witness, upon which his opinion is founded, to the attorney general, whose duty it shall be to at once, if he deems it proper, prosecute such company, officer or agent therefor.''

Another section of the statutes to be considered in connection with the foregoing is section 628, relating to the termination of the existence of domestic insurance companies, and is in these words:

''When a majority in number or interest of the members of any life insurance company incorpor-

ated in this state desire to close its concerns, they may apply by petition to any court having chancery jurisdiction of the county where such insurance company is located, setting forth in substance the grounds of their application; and the court after due notice to all parties interested by publication in a newspaper published or having general circulation in the county where the company is located, at least once a week for six months, may proceed to hear the matter, and for reasonable cause decree a dissolution of the company. Corporations so dissolved shall be deemed and held extinct in all respects as if their charters had expired by their own limitation. Necessary proceedings may be taken by the company or by the court for closing up its affairs, and the court having jurisdiction may make such orders, injunctions and decrees as justice and equity require."

In the case of Grimes v. Central Life Insurance Company, 172 Ky. 18, we dealt with much the same question we have before us now. It was contended there, as it is here, that an action against a company to wind up its affairs must be commenced in the Franklin circuit court, or in the court of the county where the chief office of the company is situated; and, further, that all such actions must be instituted by the commissioner of insurance or at his behest, and that a stockholder or policyholder has no authority to do so, being fully protected in such cases by the action of the commissioner whose duty it is to look after and superintend the business of each company engaged in writing policies of insurance in this jurisdiction. After reciting the substance of the several statutes to which we have referred in that case, we in substance held the remedy thus provided furnished adequate protection to the stockholders and policyholders and that the insurance act when construed in the light of the evil it was intended to remedy, made such remedy exclusive of the common law right of any policyholder to sue for the dissolution of an insolvent insurance company, and of any stockholder to bring such suit when mismanagement of the corporation threatened it with insolvency or has already rendered it insolvent. The gist of the case charged against appellant company and its stockholders in this case, is mismanagement and appropriation of its property, money

and effects to the use and benefit of the different stockholders to the wrong and injury of the appellant Breckenridge and all other policyholders situated as is she.

We think the conclusion reached in the Grimes case must be adopted here. As said in the Grimes case, it would be strange, indeed, if out of the great number of stockholders or policyholders as many as five could not be found to petition the commissioner of insurance to take proceedings against a company, if it were in failing circumstances or was being mismanaged. One policyholder or stockholder or any number less than a majority should not in justice be permitted to sue and harass an insurance company and thus destroy its opportunities to do business and to protect the rights of its policyholders. The recent case of Ohio Valley Fire and Marine Insurance Company v. A. M. Wash, Insurance Commissioner, 205 Ky. 819, the latest utterance of the court on the subject, is in accord with this view.

We are of opinion that the trial court properly sustained the special and general demurrers and did not err when it dismissed plaintiff's petition upon her failure to further plead.

Judgment affirmed.