## Woodson et al. v. American Life & Accident Insurance Company.

(Decided May 11, 1934.)

R. E. LEE MURPHY and ANTHONY W. THOMSON for appellants.

W. L. WALLACE for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

The appellants, who were policyholders in the appellee American Life & Accident Insurance Company, brought this suit in the Fayette circuit court against the appellee, alleging that it was an insurance company organized under the laws of the state of Kentucky for writing life, health, and accident insurance among persons of the colored race. The relief sought was a judgment against the defendant company for $800,000; for an accounting for all moneys, premiums, and dividends collected from its policyholders, together with the profits, earnings, and accumulations received therefrom; and for a receiver to be appointed for the winding up of its affairs and the distribution of its assets among its policyholders and creditors.

The petition set out, as grounds for the relief sought, the alleged fraudulent mismanagement of the company's affairs, a charged conspiracy among its officers and directors to defraud its colored policyholders of large

sums of money paid the company upon policies issued them and their misconduct in transferring the company from its organized form as a mutual company to that of a stock company, and alleged that by reason of said instances of misconduct the insolvency of the company had resulted, threatening appellants with the loss of their property rights in the company.

A special demurrer was sustained to the petition, when, the appellants declining to plead further, their action was dismissed.

The propriety of the court's judgment in sustaining the demurrer and dismissing the petition is therefore now the question before us for decision.

It may be conceded, at least arguendo, that the averments of the petition were sufficient to support appellants' action for the appointment of a receiver and the settlement of the affairs of the corporation, if the appellants had the right to maintain an action for such purpose.

The lower court held defendant's special demurrer to the petition to be well taken, upon the ground that appellants were not authorized by law to maintain an action for the relief sought, but that, under the applicable statutory law now governing the subject of insurance, the Insurance Commissioner (under the provisions of the state's very comprehensive and complete insurance law, enacted by its General Assembly in 1893 [Laws 1891-92-93, c. 171]) is vested with the exclusive right and authority to maintain or direct the beginning of such actions.

The appellant policyholders, suing as such for themselves and all other persons and policyholders similarly situated, have in their petition averred that they have a right to and interest in all the property owned by the appellee company, which was in danger of being lost to them through its unlawful appropriation by the company's officers to their own use, unless a receiver was appointed to take charge of it. Further, they averred that these facts set out in the petition, as to the fraudulent mismanagement of the company by its officers, were known to the insurance commissioner, but that, notwithstanding his possession of such knowledge, he has failed and refused to file or authorize the filing of an action against the appellee, seeking such relief.

The appellee company denied the appellants' right to maintain the action and, in support of such contention and the learned trial court's judgment so holding, in sustaining its special demurrer to the petition, it cites and relies upon the cases Grimes v. Central Life Insurance Co., 172 Ky. 18, 188 S. W. 901, 902, Ohio Valley Fire & Marine Insurance Co. v. Wash, Insurance Commissioner, 205 Ky. 819, 266 S. W. 921, 923, and Breckinridge v. Kentucky Central Life & Accident Insurance Co., 206 Ky. 244, 267 S. W. 178, as clearly controlling and decisive of this question.

In the Grimes Case, supra, we dealt with substantially the same questions as are presented by this appeal. There an action was instituted by certain of the defendant company's stockholders and policyholders for the winding up of the affairs of the company, alleged to have become insolvent by reason of its mismanagement. The company resisted the action upon the grounds that section 753 of the Statutes had by implication repealed the earlier existing common-law right of stockholders and policyholders to maintain such a suit for the winding up of the corporation's affairs. That learned and well-considered opinion written by Judge Hurt elaborately reviewed the subjects of insurance as conducted and abused in the state and the insurance legislation, seeking to correct and regulate the business, which has been in force in Kentucky since the enactment by the General Assembly, at its 1893 session, of article 4, chapter 32, Kentucky Statutes (embracing sections 617 to 762f-24 as they appear in Carroll's 1930 edition thereof) and which comprehensively and effectively covers the whole subject.

In this opinion the court, among other things, said: "It may be conceded that, according to the common law, a policy holder or creditor of an insurance corporation, upon the ground of insolvency of the corporation alone, and a stockholder, where the unlawful and fraudulent mismanagement of the corporation by its officers threatened it with insolvency, or it has become insolvent from such mismanagement, could maintain an action for the appointment of a receiver. Having this right at the common law, they would not be divested of it, except it be done by a legislative enactment. Having the right, they could proceed by the same remedy as any other creditor or stockholder of any other kind of a cor-

poration could proceed, unless the Legislature has forbid them the use of that remedy and provided another.''

Further, the court in its opinion discussed the changes effected by such statutory enactment in the operation and regulation of the insurance business conducted in the state and as affecting the right of investigation of its affairs or to maintain a suit for its dissolution on the grounds of mismanagement by such a policyholder, stockholder, or creditor. The conclusion reached was that such right of action had been, by the comprehensive provisions of the statutes, vested exclusively in the state's commissioner of insurance. Further, the court, after reciting the substance of the several applicable sections of the insurance law statutes involved, held that the new procedural remedy thereby provided furnished adequate protection to the property rights of policyholders and stockholders and that the act, when construed in the light of the evil it was intended to remedy, made the remedy it provided an action which was to be directed and taken only by the state insurance commissioner, exclusive of the common-law right of any policyholder to sue upon their own initiative for the dissolution of any insolvent insurance company or of any stockholder to bring suit upon the ground that the alleged mismanagement of the corporation threatened it with insolvency.

The court said:

''If the Legislature did not intend that the remedy provided by the statute should be made use of, there was no sufficient reason for providing it. The remedy, if applied, is adequate to preserve the rights of the stockholders and policy holders. Where the remedy is adequate, it may be implied that it was intended to be exclusive.''

The judgment of the lower court in sustaining demurrer to plaintiff's petition seeking appointment of a receiver and the winding up of the company's affairs was for the reason therein stated (that such right of action was by the statutes vested exclusively in the insurance commissioner) affirmed.

Also, the holding of the Grimes Case was later fully approved and applied in the Wash Case, supra, where an insurance company, having become insolvent, sought

by order of its board of directors to make a voluntary assignment for the benefit of its creditors and to convey all of its property to an assignee to effect the liquidation and settlement of its affairs. The appellee, A. M. Wash, then Insurance Commissioner for the state of Kentucky, instituted a proceeding under section 753 of the Statutes, by which he sought, due to the insolvency of the company, to have it enjoined from further doing business and to have a receiver appointed to take charge of its business and settle its affairs. The company contended that, notwithstanding the statutes provided the exclusive remedy for declaring an insurance company insolvent, and for settlement of its affairs by a court's receiver, was vested in the Insurance Commissioner, the provisions of the act neither expressly nor impliedly invalidated the common-law right of the corporation to voluntarily make an assignment. The court, answering this argument adversely to the company's contention, said:

"It seems to us that our Statutes just as effectively provide for supervision by the insurance commissioner of the liquidation of an insurance company that has become insolvent or financially ill as they do for his supervision of their creation and business life while in a state of financial health. It seems to us that the Legislature intended by the chapter of the Statutes in question to provide for the creation and the business life of insurance corporations and for their liquidation when they become insolvent, all to be under the supervision of the insurance commissioner. * * * It seems to us that the Legislature had in mind, taking into account the public nature of the business, the enaction of a complete law on the subject for the protection of the public, the policy holders, the stockholders, and the creditors of insurance companies. It assumed that there would be appointed to the office it created, that of insurance commissioner, only men of character and business qualifications commensurate with the importance of the office. Evidently it was intended by the Statutes in question to invest in the commissioner the supervision not only of the creation and business life of such corporations, but also such supervision of the liquidation and distribution of the assets of any such company as might become insolvent. * * * The remedy pro-

vided by sections 752 and 753, Kentucky Statutes, 1922, is amply adequate to protect the interests of the public, the policy holders, the creditors, and stockholders of all insurance companies in the liquidation of an insolvent insurance company. We conclude that the remedy there provided was intended by the Legislature to be exclusive or the 'whole law' of the question; and that by implication the general law with reference to voluntary assignments was repealed in so far as insurance companies are concerned.''

Here the suit seeking, upon the grounds stated, the appointment of a receiver for winding up the defendant company's affairs was brought by but three of its policyholders, and therefore did not satisfy the provisions of section 628 of the Kentucky Statutes, allowing such suit to be brought by a majority ''in number or interest'' of the stockholders for the dissolution of a corporation, as the one exception to the exclusive right of action vested in the commissioner to direct the bringing of such actions.

Further, it is not averred in the petition that a request had been made upon the insurance commissioner by as many as five of the policyholders of the defendant company, as is provided by section 752 of the statutes, whereupon he is required to make an examination of the affairs of the defendant company and to then institute proceedings, if same are by him deemed advisable, nor does the petition allege that appellants have made such request upon him or that he had refused, after their making such request, to make an examination of the company or that by reason of such examination, he has in his discretion found it not advisable to direct action to be brought for its liquidation. Therefore, the question of the right of a stockholder or policyholder to maintain the suit for the appointment of a receiver, upon the insurance commissioner's refusal to act when so requested, as by the statutes directed, is not now before us.

But the appellants contend, notwithstanding such is the rule of law clearly announced in these cited cases construing the applicable provisions of the insurance law adversely to the contention of the appellant policyholders of a right to maintain their suit for the liquidation of the defendant company, that they have such right

under the rule of law applicable to the claimed analogous case, where there is given the right and remedy to a taxpayer, suing in behalf of himself and all other taxpayers similarly situated, to institute and maintain an action against public officials for the recovery of public moneys alleged to have been wrongfully paid to or appropriated by them, where the authorities, vested with the right to direct that such a proceeding be brought, have failed and refused, upon being requested, to so direct.

However, we cannot concur with appellants in the argument that the rule in the cited instance is here applicable, for the reason that we do not regard the two cases as analogous nor, being distinguishable, that they should be controlled by like rules or are supported by like reasons therefor. The right to institute proceedings against an insolvent insurance company, as well as the procedure therefor, is the subject of statutory regulation, and in the instant case the statute, in its terms and as construed, is to the effect that less than a majority of the stockholders, policyholders, or creditors of an insurance corporation have no right to maintain an action against the alleged insolvent company for its liquidation, but that such right is vested exclusively in the insurance commissioner. The right of a taxpayer to recover public moneys alleged wrongfully converted or paid to public officers, where those vested with the authority to direct the bringing of such suits have refused to act or direct, is one not prohibited by the statutes but expressly approved and encouraged by the courts upon the ground of public policy. The two cases, being thus clearly distinguishable, are not to be held as appropriately controlled by the same rules of law.

We are therefore led to conclude, for the reasons above indicated, that the learned trial court properly sustained appellee's special demurrer to the petition, and that, his ruling being consonant with our views as above given and announced in the cited cases, it should be, and it is—upon the authority of those cases—affirmed.