**WHALEN et al. v. KEYSTONE MUT. CAS. CO. et al.**

Court of Appeals of Kentucky.

March 27, 1953.

Rehearing Denied June 19, 1953.

J. A. Edge and Lena M. Craig, Lexington, for appellants.

Clyde E. Reed and Smith, Reed & Leary, Frankfort, for appellees.

WADDILL, Commissioner.

This appeal is from a judgment of the Fayette Circuit Court dismissing, for want of jurisdiction, receivership proceedings instituted by appellants, creditors and former policy holders of appellee, Keystone Mutual Casualty Company, a Pennsylvania insurance corporation, which became insolvent in 1947.

The question before us is whether Fayette Circuit Court had jurisdiction to entertain appellant's suit.

The Keystone Mutual Casualty Company was incorporated in Pennsylvania in 1936. In June, 1945, the Director of the Division of Insurance of the Commonwealth of Kentucky authorized Keystone to do business in this state. By 1947, Keystone had become insolvent and on June 26th of that year an order was entered in the court of common pleas of Dauphin County, Pennsylvania, a court of general jurisdiction, dissolving Keystone and appointing a receiver. The Kentucky Director of Insurance immediately revoked the license of Keystone to do business in this state under authority of KRS 296.070, but he did not institute

proceedings to have a receiver appointed, nor did appellants make any formal demand upon him to do so.

Appellants brought this suit in August 1947, and succeeded in having Delmar Howard appointed receiver of Keystone in Kentucky.

On August 12, 1948, the Kentucky Director of Insurance brought an action in Franklin Circuit Court for appointment of an ancillary receiver. Thereafter, the Director and the ancillary receiver filed pleadings in this suit attacking the jurisdiction of the Fayette Circuit Court. Finding no jurisdiction the court dismissed the suit.

KRS 296.070, now see Chapter 304 of KRS, empowered the Director of Insurance to revoke the license of a foreign insurance company to do business in this state when in his opinion it is insolvent or in an unsound condition, and further authorized him to apply to the judge of the Franklin Circuit Court for a receiver to settle the affairs of such a company.

This statute has been held to be exclusive of the common law right of stockholders and creditors of an insurance company to bring proceedings for a receiver, the sole exception being a case where a majority of the members of a domestic life insurance corporation bring a suit for a dissolution as provided for by KRS 296.140.

In Grimes v. Central Life Insurance Company, 172 Ky. 18, 188 S.W. 901, 906, this Court said:

"* * * While the statute does not expressly take away from the policy holder and stockholder the right to maintain an action for the appointment of a receiver for an insurance corporation, the statute is very comprehensive in its terms, and fails to provide any such right, except to the stockholder, when a majority of them join together and seek the relief. If the Legislature did not intend that the remedy provided by the statute should be made use of, there was no sufficient reason for providing it. The remedy, if applied, is adequate to preserve the rights of the stockholders and policy holders. Where the remedy is adequate, it may be implied that it was intended to be exclusive. What effect the refusal of the commissioner to make an examination, after the affidavit required by the statute has been filed before him, or after the examination, refuses to institute an action, will have upon the right of a stockholder or policy holder to maintain a suit for the appointment of a receiver of and a settlement of the affairs of an insurance corporation is not now decided, because the question is not before us but after a consideration of all the provisions of the statute above mentioned and the remedies provided therein, the evils sought to be corrected, and the objects to be promoted, and the adequacy of the remedy, and the evident purpose of the enactment of the statute and the remedy provided, it seems that the legislative authority intended that the remedy provided by the statute should be exclusive of any other remedy, at least, where not denied."

See also: Ohio Valley Fire & Marine Insurance Company v. Wash, 205 Ky. 819, 266 S.W. 921; Woodson v. American Life & Accident Insurance Company, 254 Ky. 224, 71 S.W.2d 447.

It is always the duty of a court to disclaim jurisdiction which it is not entitled to exercise whenever the lack of jurisdiction is brought to its attention. Johnson v. Harvey, 261 Ky. 522, 88 S.W. 2d 42. Want of jurisdiction, except jurisdiction of the person, cannot be waived. Thompson v. Commonwealth, 266 Ky. 529, 99 S.W.2d 705; Tackett v. Tackett, 204 Ky. 831, 265 S.W. 336; Sanford v. Roberts, 193 Ky. 377, 236 S.W. 571; 15 C.J. Sec. 101(6), p. 802, 21 C.J.S., Courts, § 85.

We find no error in the action of the court in dismissing the suit.

Judgment affirmed.