**KENTUCKY DEPARTMENT STORE, INC., et al., Appellants,**

**v.**

**FIDELITY–PHENIX FIRE INSURANCE COMPANY OF NEW YORK et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 22, 1961.

Samuel M. Rosenstein, Stuart A. Handmaker, Louisville, Squire N. Williams, Jr., Frankfort, Morris Weintraub, Newport, for appellants.

Malcolm Y. Marshall of Ogden, Brown, Robertson & Marshall, Louisville, for appellees.

PALMORE, Judge.

This action was brought in the Franklin Circuit Court by four holders of fire insurance policies covering property in this state, suing for themselves and all others similarly situated, against several insurance companies to recover and to enjoin the further collection of amounts added by the companies to or as a part of their premium rates in order to defray the direct and indirect costs of city occupational license taxes (KRS 92.285) levied against and paid by the companies. It was alleged, in effect, that these increments were unauthorized and illegal because, presumably, they were not included in the rate schedules filed with the Commissioner of Insurance. KRS 304.603(10), formerly KRS 296.420 (8), prohibits the issuance of policies not in accordance with effective rate filings. The complaint sought also to make the defending companies class representatives for all other insurance companies likewise offending. The action was dismissed on motion.

■ The crucial question in this court is whether in a "spurious" class action the claims of the members of the suing class may be aggregated in determining jurisdictional amount. They cannot. Moore's Federal Practice, R 23, Vol. 3, pp. 3480–3481, and cases there cited.

■ It has been uniformly held in this jurisdiction that the independent claims of several plaintiffs against the same defendant, even though they may be and are joined (cf. CR 20.01) in one action, cannot be added together for purposes of jurisdictional amount. See, for example, Roth v. Stauble, Ky.1957, 313 S.W.2d 269; Seale v. Compkis, Ky.1958, 311 S.W.2d 567; Russell v. Old Planing Mill Co., Ky. 1954, 271 S.W.2d 371. If the claims of parties who actually join as plaintiffs cannot be aggregated, it is an apodictic proposition that neither can the claims of non-appearing parties.

Since the complaint alleged no amount except in the aggregate, the circuit court could not entertain it unless it was brought within the jurisdictional requirements by a justiciable demand for injunctive relief.

KRS 304.023(3) provides as follows:

"If the commissioner has cause to believe that any person is violating or is about to violate any provision of this code or any order of the commissioner, he may bring an action in any circuit court of proper venue to enjoin the person from continuing the violation or doing any act in furtherance thereof."

■ In Grimes v. Central Life Ins. Co., 1916, 172 Ky. 18, 188 S.W. 901; Ohio Valley Fire & Marine Ins. Co. v. Wash, 1924, 205 Ky. 819, 266 S.W. 921; Breckinridge v. Kentucky Central Life & Accident Ins. Co., 1924, 206 Ky. 244, 267 S.W. 178; Woodson v. American Life & Accident Ins. Co., 1934, 254 Ky. 224, 71 S.W.2d 447; and Whalen v. Keystone Mut. Cas. Co., Ky. 1953, 258 S.W.2d 450, it was held that remedies expressly vested in the commissioner by the insurance laws are exclusive. They cannot be directly enforced by policyholders. Therefore, the appellants had no standing to sue directly for an injunction in this case.

■ Assuming, but not so deciding, that the injunctive feature of the case renders the amount in controversy on appeal incapable of ascertainment, so that the appeal would lie as a matter of right, we conclude that since the complaint on its face showed no right to injunctive relief and no amount of claim as to any of the individual plaintiffs the circuit court correctly dismissed it.

Judgment affirmed.

WILLIAMS, J., not sitting.