### NATIONAL CHECK BUREAU, INC., Appellant,

v.

### Diana L. IRBY, Appellee.

### No. 2006–CA–000700–MR.

Court of Appeals of Kentucky.

July 13, 2007.

Janell L. Duncan, Cincinnati, OH, for Appellant.

No Brief Filed for Appellee.

Before THOMPSON and VANMETER, Judges; PAISLEY,[1] Senior Judge.

## OPINION

PAISLEY, Senior Judge (Assigned).

This is an appeal from an order of the Calloway Circuit Court which denied plaintiff-appellant's motion for summary judgment and dismissed the case.

Appellant is a corporation which buys delinquent credit card accounts from other creditors and attempts to collect them. In this case, appellant owned three such accounts against the same debtor, Diana Irby. The amounts claimed were $1459.85, $4407.37, and $1501.36. Appellant filed a single complaint in circuit court seeking to collect each of these debts. The separate claims were designated as separate counts in the complaint as required by Kentucky Rules of Civil Procedure (CR) 10.02. Irby filed a pro se response admitting liability, but disputing the amount due and owing. Subsequently, in response to discovery requests, she again admitted liability and also agreed to the amounts claimed. The appellant moved the trial court for summary judgment, but the court denied the motion and dismissed the case, ruling that it lacked jurisdiction over those claims which did not exceed the $4,000.00 limit of exclusive jurisdiction granted to the district courts. Kentucky Revised Statutes (KRS) 24A.120(1). We note that the trial court's order also appears to dismiss the appellant's claim in excess of $4,000.00. Appellant argues that, even though two of its three claims do not meet the amount in controversy limit of circuit court, it can aggregate those claims in the same action under CR 18.01. We agree.

CR 18.01 reads:

A party asserting a claim to relief as an original claim, counterclaim, cross claim, or third party claim, may join, either as independent or as alternate claims, as many claims, either legal or equitable, as he has against an opposing party.

We find no ambiguity in this rule. A party may bring, in the same action, as many claims as it has against an opposing party. Kentucky cases construing CR 18.01 give the rule a liberal construction. "Where the claims are against the same defendants, there can be no disjoinder in a civil action." *Hundley v. Gossett*, 278 S.W.2d 65, 68 (Ky.1955). Although there appears to be no Kentucky authority directly on point regarding the aggregation of damages to reach a jurisdictional limit, the appellant has cited federal cases construing Federal Rules of Civil Procedure (FRCP) 18, which is very similar to our rule, holding that aggregation is permissible. *See Deajess Medical Imaging, P.C. v.*

---

1. Senior Judge Lewis G. Paisley sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

*Allstate Ins. Co.*, 344 F.Supp.2d 907 (S.D.N.Y.2004). Both the cause of judicial economy and of minimizing the costs of litigation are advanced by allowing aggregation.

We are aware of those cases which hold that "the independent claims of several plaintiffs against the same defendant, ... cannot be added together for purposes of jurisdictional amount." *Kentucky Dept. Store, Inc. v. Fidelity–Phenix Fire Ins. Co.*, 351 S.W.2d 508 (Ky.1961). That principle of law has no application here, where there is a single plaintiff and a single defendant.

The judgment of the Calloway Circuit Court is reversed and this matter is remanded for proceedings not inconsistent with this opinion.

ALL CONCUR.